IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
ST. CROIX DIVISION

| | |
|---|---|
| ROBIN JOACHIM DARTELL, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | CASE No.:  12-89 |
| Plaintiff, | COMPLAINT |
| vs. | CLASS ACTION |
| TIBET PHARMACEUTICALS, INC, HONG YU, TAYLOR Z. GUO, SABRINA Y. REN, WENBO CHEN, YOUHANG PEN, SOLOMON CHEN, ANDERSON & STRUDWICK INCORPORATED, STERNE AGEE GROUP, INC., HAYDEN ZOU, L. MCCARTHY DOWNS III and, ACQUAVELLA, CHIARELLI, SHUSTER, BERKOWER & CO., LLP, | JURY TRIAL DEMANDED |
| Defendants. | |

Plaintiff Robin Joachim Dartell ("Plaintiff"), individually and on behalf of all other persons

similarly situated, by his undersigned attorneys, for his complaint against Defendants, alleges the

following based upon personal knowledge as to himself and his own acts, and information and belief

as to all other matters, based upon, *inter alia*, the investigation conducted by and through his

attorneys, which included, among other things, a review of the defendants' public documents,

conference calls and announcements made by defendants, United States Securities and Exchange

Commission ("SEC") filings, wire and press releases published by and regarding Tibet

Pharmaceuticals, Inc. ("Tibet" or the "Company"), securities analysts' reports and advisories about

the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial

1

evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.     This is a federal securities class action on behalf of a class consisting of all persons other than defendants who purchased the common stock of Tibet pursuant and/or traceable to the Company's Registration Statement and Prospectus, declared effective by the SEC on December 28, 2010, issued in connection with the Company's Initial Public Offering (the "IPO"), including all those who purchased Tibet stock after December 28, 2010, seeking to recover damages caused by defendants' violations of federal securities laws and to pursue remedies under the Securities Act of 1933 (the "Securities Act")

## JURISDICTION AND VENUE

2.     The claims asserted herein arise under and pursuant to Sections 11 and 15 of the Securities Act (15 U.S.C. §§ 77k, 77l and 77(o)).

3.     This Court has jurisdiction over the subject matter of this action pursuant to Section 22(a) of the Securities Act, 15 U.S.C. §77v(a).

4.     Venue is proper in this Judicial District pursuant to Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a).

5.     In connection with the acts, conduct, and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

2

6.      Plaintiff, as set forth in the accompanying certification, incorporated by reference herein, purchased Tibet securities at artificially inflated prices during the Class Period and has been damaged thereby.

7.      Defendant Tibet, a British Virgin Islands corporation, through its operating subsidiaries purports to engage in the research, development, manufacture, marketing, and sale of traditional Tibetan medicines in China.

8.      Defendant Taylor Z. Guo ("Guo") at all relevant times herein was Tibet's Chief Executive Officer and Director.  Guo signed the registration statement in connection with the IPO.

9.      Defendant Hong Yu ("Yu") at all relevant times herein was Tibet's Chairman of the Board of Directors.  Yu signed the registration statement in connection with the IPO.

10.     Defendant Sabrina Y. Ren ("Ren") at all relevant times herein was Tibet's Chief Financial Officer.  Ren signed the registration statement in connection with the IPO.

11.     Defendant Wenbo Chen ("Chen") at all relevant times herein was a Tibet Director. Chen signed the registration statement in connection with the IPO.

12.     Defendant Youhang Peng ("Peng") at all relevant times herein was a Tibet Director. Peng signed the registration statement in connection with the IPO.

13.     Defendant Solomon Chen ("S. Chen") at all relevant times herein was Tibet Director. S. Chen signed the registration statement in connection with the IPO.

14.     Defendant Anderson & Strudwick, Incorporated, ("A&S") a corporation headquartered in Virginia, was an underwriter of the IPO.

3

15.     Defendant Sterne Agee Group, Inc. ("Sterne Agee") is a financial holding company incorporated in Delaware and is headquartered in Alabama.  On or after December 2011 Sterne Agree acquired A&S.

16.     Sterne Agee is liable for the acts of A&S as a successor-in-interest.  Thus, "A&S" as used herein shall sometimes refer to both defendants A&S and Sterne Agee.

17.     Defendant L. McCarthy Downs III ("Downs") was A&S's designated observer to the Tibet's Board of Directors in connection with the IPO.

18.     Defendant Hayden Zou ("Zou") was A&S's designated observer to the Tibet's Board of Directors in connection with the IPO.

19.     A&S, Sterne Agee, Downs, and Zou are sometimes referred to herein as the "Underwriter Defendants."

20.     Acquavella, Chiarelli, Shuster, Berkower & Co. LLP ("Acquavella" or "Auditor Defendant") is a certified public accountant and advisory firm headquartered in Iselin, New Jersey, and at all relevant times herein was Tibet's Independent Registered Public Accounting Firm.

21.     Guo, Yu, Ren, Chen, Peng, S. Chen, Downs and Zou are sometimes referred to herein as the "Individual Defendants."

22.     According to the registration statement, A&S two designated observers, "may … significantly influence the outcome of matters submitted to the Board of Directors for approval."

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

23.     Plaintiff brings this action as a class action on behalf of himself and on behalf of all purchasers of Tibet's securities issued pursuant to and/or traceable to the Company's IPO, including purchasers of Tibet stock after December 28, 2010, pursuant to Federal Rules of Civil Procedure

23(a) and (b)(3) on behalf of a Class.   Excluded from the Class are defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest

24.     The members of the Class are so numerous that joinder of all members is impracticable.   Approximately 3 million Tibet shares were sold in the IPO. The precise number of the Class members is unknown to Plaintiff at this time but it is believed to be in the thousands. Members of the Class may be identified from records maintained by Tibet or its transfer agent and may be notified of the pendency of this action by mail, using a form of notice customarily used in securities class actions.

25.     Plaintiff's claims are typical of the claims of the members of the Class, as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

26.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

27.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.   Among the questions of law and fact common to the Class are:

(a)  whether the provisions of the Securities Act were violated by defendants' acts as alleged herein;

(b) whether documents, including the Registration Statement and Prospectus, press releases, and public statements issued by defendants to the investing public committed and/or misrepresented material facts about the Company and its business; and

(c) the extent to which members of the Class have sustained damages, and the proper measure of damages.

28.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to redress individually the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

## SUBSTANTIVE ALLEGATIONS

29.     On December 16, 2010 Tibet filed an amended registration statement and prospectus with the SEC in connection with the IPO.

30.     On December 28, 2010 the SEC declared the registration statement effective.

31.     On January 18, 2011 Tibet filed with the SEC the prospectus in connection with the IPO.

32.     On January 24, 2011, the IPO was completed for 3 million shares at $5.50/share.  Net proceeds from the offering as $14.4 million.

33.     Tibet's registration statement and prospectus contained inaccurate statements of material fact because at the time of the IPO, the Company misstated its true financial condition. Contrary to the registration statement and prospectus, the Company was not facing the risk of potential internal control deficiencies, but actually had material internal control deficiencies that

would have a materially adverse affect on the Company-- leading to resignations, a stock trading halt by the NASDAQ, delisting and thus, bringing the Company's financial reporting to a halt and causing investors devastating losses.

34.     On June 10, 2011, defendant Guo inexplicably resigned from the Company as CEO. He later resigned as director on January 12, 2012.

35.     On September 6, 2011, the Company's auditor Acquavella, Chiarelli, Shuster, Berkower & Co., LLP, resigned.

36.     On April 3, 2012, the NASDAQ halted trading Tibet's stock for "additional information requested."

37.     Having failed to provide the "additional information requested" due to Tibet's undisclosed internal control deficiencies, the Company's stock was delisted from the NASDAQ, and began trading over the counter on the Pink Sheets, on April 27, 2012.

38.     As a result, on the first day of trading on April 27, 2012, Tibet sock fell from $1.29/share to $.35/share, losing 72% of its value.

## FIRST CLAIM

### Violation of Section 11 of the Securities Act against All Defendants

39.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.  This claim is not based on and does not sound in fraud.

40.     This claim is brought by Plaintiff on his own behalf and on behalf of other members of the Class who acquired Tibet shares pursuant to or traceable to the Company's IPO.  Each Class Member acquired his, her, or its shares pursuant to and/or traceable to, and in reliance on, the Registration Statement and Prospectus.  Tiber is the issuer of the securities through the Registration

Statement and Prospectus. The Individual Defendants are signatories of the Registration Statement and Prospectus.

41.     Underwriter Defendants owed to the holders of the securities obtained through the Registration Statement the duty to make a reasonable and diligent investigation of the statements contained in the Registration Statement at the time they became effective to ensure that such statements were true and correct and that there was no omission of material facts required to be stated in order to make the statements contained therein not misleading. Defendants knew, or in the exercise of reasonable care should have known, of the material misstatements and omissions contained in or omitted from the Registration Statement as set forth herein. As such, defendants are liable to the Class.

42.     Acquavella was Tibet's certified public accountant at the time of the IPO, audited the Consolidated Financial Statements for the fiscal years 2008 and 2009 contained in the registration statement and prospectus, and issued a report included in the Registration Statement and Prospectus, the veracity of said report being based on the authority of Acquavella as experts in accounting and auditing.

43.     Acquavella's report included in the Registration Statement and Prospectus was false because it stated that Tibet's Consolidated Financial Statements for the fiscal years 2008 and 2009 accurately represented the Company's operations and cashflow when in fact they did not.

44.     Acquavella stated that its audits of Tibet were conducted in accordance with the standards of the Public Company Accounting Oversight Board ("PCAOB") when in fact they were not.

45.     All Defendants owed to the purchasers of the stock obtained through the Registration Statement and Prospectus the duty to make a reasonable and diligent investigation of the statements contained in the Registration Statement and Prospectus at the time they became effective to ensure that such statements were true and correct and that there was no omission of material facts required to be stated in order to make the statements contained therein not misleading.

46.     None of the defendants made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement and Prospectus were true or that there was no omission of material facts necessary to make the statements made therein not misleading.

47.     Defendants issued and disseminated, caused to be issued and disseminated, and participated in the issuance and dissemination of, material misstatements to the investing public that were contained in the Registration Statement and Prospectus, which misrepresented or failed to disclose, among other things, the facts set forth above.  By reason of the conduct alleged herein, each defendant violated and/or controlled a person who violated Section 11 of the Securities Act.

48.     Tibet is the issuer of the stock sold via the Registration Statement and Prospectus. As issuer of stock, the Company is strictly liable to Plaintiff and the Class for the material misstatements and omissions therein.

49.     At the times they obtained their shares of Tibet, Plaintiff and members of the Class did so without knowledge of the facts concerning the misstatements and omissions alleged herein.

50.     This action is brought within one year after discovery of the untrue statements and omissions in and from the Registration Statement and Prospectus that should have been made and/or

corrected through the exercise of reasonable diligence, and within three years of the effective date of the Registration Statement and Prospectus.

51.     By virtue of the foregoing, plaintiff and the other members of the class are entitled to damages under Section 11 as measured by the provisions of the Section 11(e), from the defendants and each of them, jointly and severally.

## SECOND CLAIM

### Violations of Section 12(a)(2) of the Securities Act
### Against Tibet, A&S and Sterne Agee

52.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.  This claim is not based on and does not sound in fraud.  This claim is asserted against Tibet, A&S, and Sterne Agee ("Second Claim Defendants").

53.     Second Claim Defendants were sellers, offerors and/or solicitors of sales of the shares offered pursuant to the Registration Statement.  The Registration Statement contained untrue statements of material fact and omitted other facts necessary to make the statements not misleading, and failed to disclose material facts, as set forth above.

54.     Plaintiff and the other Class members who purchased or otherwise acquired shares pursuant or traceable to the materially untrue and misleading Registration Statement did not know or, in the exercise of reasonable diligence could not have known, of the untruths and omissions contained in the Registration Statement.

55.     The Second Claim Defendants owed to Plaintiffs and the other Class members who purchased or otherwise acquired shares pursuant or traceable to the materially false and misleading Registration Statement the duty to make a reasonable and diligent investigation of the statements contained in the Registration Statement, to ensure such statements were true and that there was no

omission of material fact necessary to prevent the statements contained therein from being misleading. The Second Claim Defendants did not make a reasonable investigation or possess reasonable grounds to believe that the statements contained in the Registration Statement were true and without omissions of any material facts and were not misleading. By virtue of the conduct alleged herein, the Second Claim Defendants violated § 12(a)(2) of the Securities Act.

### THIRD CLAIM

#### Violations of Section 15 of the Securities Act
#### Against the Individual Defendants

56.      Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.  This claim is not based on and does not sound in fraud.

57.      This claim is asserted against the Individual Defendants, each of whom was a control person of Tibet during the relevant time period.

58.      The Individual Defendants were control persons of Tibet by virtue of, among other things, their positions as senior officers and directors of the Company, and they were in positions to control and did control, the false and misleading statements and omissions contained in the Registration Statement and Prospectus.

59.      None of the Individual Defendants made reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement and Prospectus were accurate and complete in all material respects.  Had they exercised reasonable care, they could have known of the material misstatements and omissions alleged herein.

11

60.     This claim was brought within one year after the discovery of the untrue statements and omissions in the Registration Statement and Prospectus and within three years after Tibet shares was sold to the Class in connection with the IPO.

61.     By reason of the misconduct alleged herein, for which Tibet is primarily liable, as set forth above, the Individual Defendants are jointly and severally liable with and to the same extent as Tibet pursuant to Section 15 of the Securities Act.

**WHEREFORE**, plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action, designating plaintiff as Lead Plaintiff and certifying plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating plaintiff's counsel as Lead Counsel;

(b) Awarding damages in favor of plaintiff and the other Class members against all defendants, jointly and severally, together with interest thereon;

(c) Awarding plaintiff and the Class reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d) Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: August 30, 2012                                 Respectfully submitted,

_____

Joel H. Holt
LAW OFFICES OF JOEL HOLT
2132 Company Street, Suite 2

St. Croix, VI 00820
Tel: 340-773-8709
Fax: 340-773-8677
holtvi@aol.com

and

Laurence M. Rosen
Phillip Kim
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 34th Floor
New York, New York 10016
Tel: 212-686-1060
Fax: 212-202-3827
lrosen@rosenlegal.com
pkim@rosenlegal.com

Counsel for Plaintiff