UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MING YANG and ROBIN JOACHIM DARTELL, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br>　　　　　　Plaintiff,<br>　　vs.<br>TIBET PHARMACEUTICALS, INC, HONG YU, TAYLOR Z. GUO, SABRINA Y. REN, WENBO CHEN, YOUHANG PEN, SOLOMON CHEN, ANDERSON & STRUDWICK INCORPORATED, STERNE AGEE GROUP, INC., HAYDEN ZOU, L. MCCARTHY DOWNS III and, ACQUAVELLA, CHIARELLI, SHUSTER, BERKOWER & CO., LLP,<br>　　　　　　Defendants | CASE No.: 14-cv-3620 (FSH)(MAH)<br>**Lead Case**<br><br>CLASS ACTION<br>U.S. District Judge Faith S. Hochberg<br>Magistrate Judge Michael A. Hammer<br><br>**JOINT DISCOVERY PLAN** |

　　　This joint discovery plan is being submitted on behalf of Plaintiffs Ming Yang and Robin Dartell (collectively, "Plaintiffs") and Defendants Sterne Agee Group ("SAG"), Acquavella, Chiarelli, Berkower & Co. ("Acquavella"), Hayden Zou, and L. McCarthy Downs (collectively, "Defendants" and together with Plaintiffs, the "Parties").  The Parties held a meet and confer on October 2, 2014.

**1. Set forth a factual description of the case.  Include the causes of action and affirmative defenses asserted.**

Plaintiffs' Position:  This is a federal securities class action on behalf of a class consisting of all persons other than defendants who purchased common stock of Tibet Pharmaceuticals, Inc. ("Tibet" or the "Company") during the period from January 24, 2011 to April 3, 2012 ("Class Period").  This lawsuit is brought against Tibet, its officers and directors, certain individuals and

1

the Underwriters[1] of Tibet's Initial Public Offering ("IPO") and Tibet's auditor. Plaintiffs' Complaint alleges violations of Section 11 and 15 of the Securities Act of 1933 ("Securities Act"). The Complaint alleges that Tibet solicited investors for its IPO and that Tibet's IPO registration statement ("Registration Statement") and preliminary prospectus filed with the SEC contained materially false statements. For instance, the financial statements contained in the Registration Statement were false and misleading because at the time of the IPO, Tibet was insolvent. The Complaint further alleges that Defendant Acquavella, as Tibet's auditor, is liable for its audits of Tibet's materially false and misleading financial statements contained in the Registration Statement. The Complaint further alleges that Defendant Anderson & Strudwick ("A&S") offered or sold Tibet's securities and is liable for damages resulting from the materially false and misleading financial statements contained in the Registration Statement. The Complaint further alleges that Defendant Sterne Agee, Inc. ("SAG") is the successor-in-interest to A&S and is therefore liable for A&S' role as an Underwriter in the IPO.

Defendants' Position: Defendants deny the allegations in the Complaint, as summarized above. Defendants have filed motions to dismiss the Complaint that are currently pending. Defendants have not yet filed their answer or affirmative defenses. Each Defendant asserts the following with respect to their defenses:

SAG specifically denies that it is the successor-in-interest to A&S pursuant to the plain language of the Asset Purchase Agreement.

---

[1] According to Plaintiffs, Hayden Zou, L. McCarthy Downs, and A&S and SAG are collectively referred to as the "Underwriter Defendants." Defendants Hayden Zou, SAG and L. McCarthy Downs dispute their inclusion in the definition of Underwriters.


Mr. Zou disputes that he is liable under Section 11 because he does not fall within any of the statutorily enumerated categories. Even if Mr. Zou were liable under Section 11, Plaintiffs have not adequately pled a Section 11 claim against him under Federal Rule of Civil Procedure ("Rule") 9(b) because the Complaint sounds in fraud (or under Rule 8(a)'s pleading standard as articulated by *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308 (2007)). The Section 15 claim should also be dismissed as to Mr. Zou because Plaintiffs have not pled any underlying liability, and even if there were such liability, Plaintiffs have not sufficiently alleged that Mr. Zou possessed the requisite control.

Mr. Downs is not a proper defendant under the statutory categories of Section 11 and there is no factual or legal basis to subject him to "control person" liability under Section 15. He was not a board member or officer of A&S at the relevant time and was never a board member or officer of Tibet; further the Plaintiffs have failed to satisfy the applicable pleading requirements under Rules 9(b) and 8(a).

Acquavella contends that the Complaint must be dismissed because there are no factual allegations or facts to support a conclusion that Acquavella's statements were false. The Section 11 claim against Acquavella should be dismissed because Acquavella conducted its audit in accordance with generally accepted accounting principles and acted reasonably at all times. Moreover, the corrective disclosures that Plaintiffs identify in the Complaint have absolutely nothing to do with the audit report issued by Acquavella. Furthermore, the Complaint against Acquavella should be dismissed because it sounds in fraud and Plaintiffs have not adequately plead a Section 11 claim against Acquavella under Federal Rule of Civil Procedure 9(b), which requires a heightened pleading standard.

2. **Have settlement discussions taken place?  Yes__  No_X_**
   **If so, when?**

   (a) **What was plaintiff's last demand?**
       (1) **Monetary demand: $__**
       (2) **Non-monetary demand: ___**

   (b) **What was defendant's last offer?**
       (1) **Monetary offer: $__**
       (2) **Non-monetary offer: ___**

3. **The parties [have___-have not __X_] exchanged the information required by Fed. R. Civ. P. 26(a)(1).  If not, state the reason therefor.**

Plaintiffs are not opposed to exchanging the information required by Fed. R. Civ. P. 26(a)(1) at this time. Defendants believe that the automatic discovery stay in securities cases actions precludes Rule 26(a)(1) disclosures in light of the Private Securities Litigation Reform Act of 1995 ("PSLRA")'s provision that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss." 15 U.S.C. § 78u-4(a)(9)(B). Because all appearing Defendants have filed motions to dismiss, they have not filed initial disclosures at this time. However, Defendants will be prepared to exchange initial disclosures, if required, within 20 days of the Court's ruling sustaining the Complaint.

4. **Describe any discovery conducted other than the above disclosures.**

   No discovery has been conducted.

5. **Generally, dispositive motions cannot be filed until the completion of discovery. Describe any motions any party may seek to make prior to the completion of discovery.  Include any jurisdictional motions and Motions to Amend.**

Plaintiffs intend to move for class certification pursuant to the proposed schedule set forth below (no later than 120 days after the commencement of discovery).

Plaintiffs may seek to amend the Complaint to add additional defendants following initial document discovery. Therefore, Plaintiffs request that the Court set the date for motions to join Parties or for leave to amend pursuant to the schedule set forth below (no later than 180 days after the commencement of discovery).

**The Parties proposed the following:**

    **(a) discovery on the following subjects:**

Plaintiffs intend to seek discovery on the following subjects:

The facts and circumstances surrounding Tibet's IPO, including but not limited to:

- The Underwriters' due diligence performed in connection with the IPO;
- Acquavella's audits of Tibet;
- Tibet's financial condition;
- Downs' role in the IPO and his relationship with Tibet;
- Zou's role in the IPO and his relationship with Tibet
- SAG's status as the successor in interest to A&S;
- The amount of damages suffered by the Class.

Defendants intend to seek discovery on the following subjects:

- Purported class representatives in connection with Plaintiffs' motion for class certification;
- Third party discovery relating to the IPO proceeds.

    **(b) Should discovery be conducted in phases? If so, explain.**

No.

    **(c) Number of Interrogatories by each party to other party?**

Maximum of 25 interrogatories by each party to each other party.

    **(d) Number of depositions to be taken by each party?**

Maximum of 10 fact depositions per Defendant to be taken by Plaintiffs.

(e)-(j) *See the Parties' Joint Proposed Discovery and Class Certification Schedule attached as Exhibit A.*

**(k) Seth forth any special discovery mechanism or procedure requested , including data preservation orders or protective orders:**

The Parties should be required to place a litigation hold on all materials in their possession, custody or control relevant to any claim or defense in the case.  The Parties will enter a standard confidentiality order for all personal, confidential and proprietary documents.

**(l)  A pretrial conference may take place on:**  As directed by the Court
**(m) Trial by jury or non-jury Trial?**   Jury
**(n) Trial date:**   As directed by the Court

6. Do you anticipate any discovery problem(s)?  Yes___ No__X__
    If so, explain.

7. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)?  Yes_X__ No___
    If so, explain

Plaintiffs believe that the discovery schedule should be flexible to deal with the reality that this is a complex securities class action involving Defendants and witnesses located in the People's Republic of China ("China" or the "PRC") and Hong Kong. While Defendant Tibet is incorporated in the British Virgin Islands, Tibet is a holding company with two wholly owned subsidiaries, one incorporated in Hong Kong and one in China.  Tibet's sole operational entity is also located in China.  Defendants Guo, Yu, Ren, Chen, Peng and S. Chen (who have not answered the Complaint) reside in the PRC, as does Defendant Hayden Zou.  Many of the allegations in the Complaint also center around activity that took place in Hong Kong,

specifically, the Complaint alleges that the proceeds of Tibet's IPO were improperly transferred to a bank in Hong Kong, and remain there.

Because Plaintiffs anticipate taking discovery in China and Hong Kong, Plaintiffs will need to apply for letters rogatory, and such letters rogatory will need to be sent to the Chinese Central Authority and the Hong Kong Central Authority.  See United States Department of State, International Judicial Assistance, China, *available at* http://travel.state.gov/law/judicial/judicial_694.html, and United States Department of State, International Judicial Assistance, Hong Kong, *available at* http://travel.state.gov/content/travel/english/legal-considerations/judicial/country/hong-kong-sar-china.html.  Plaintiffs anticipate that this will be a time-consuming process, and that the Chinese Central Authorities and/or Hong Kong Central Authorities will likely impose a delay.  Plaintiffs, anticipate that the process of obtaining evidence through letters rogatory could take more than eighteen months alone.  Hence, Plaintiffs propose a relatively lengthy discovery period.

In addition, Plaintiffs believe that the discovery schedule should be flexible to deal with contingencies involving requests for judicial assistance to the Chinese and Hong Kong Central Authorities.  For instance, Plaintiffs believe that the discovery cut-off may have to be extended if either party timely and with reasonable diligence filed a letter rogatory, and that letter rogatory is pending with the Chinese or Hong Kong Central Authority.  There are also additional time-consuming aspects of this case, including that many documents will have to be translated from Chinese to English, and that depositions in Hong Kong are likely.

Defendants anticipate many documents and depositions will be located in China and Hong Kong.

8. **State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise) mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special mater of other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).**

   The Parties do not believe that mediation is appropriate at this time.

9. **Is this case appropriate for bifurcation?  Yes___ No_X__.**

10. **We [do___do not__X_] consent to the trial being conducted by a Magistrate Judge.**


Dated:  October 23, 2014


**Attorneys for Plaintiffs:**


/s/ Laurence Rosen
Laurence Rosen, Esq. (LR-5733)
Sara Fuks, Esq. (admitted *pro hac vice*)
**THE ROSEN LAW FIRM, P.A.**
609 W. South Orange Avenue, Suite 2P
South Orange, NJ  07079
Tel: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com
Email: sfuks@rosenlegal.com

*Lead Counsel for Plaintiffs and Class*


**Attorneys for Defendants:**


/s/ Israel Dahan
Israel Dahan, Esq.
**CADWALADER, WICKERSHAM & TAFT LLP**
One World Financial Center

New York, NY 10281
Tel:  212-504-6629
Fax: 212-504-6666
israel.dahan@cwt.com

*Attorneys for Defendant Hayden Zou*

/s/ Richard S. Davis

Richard S. Davis, Esq.
**MAYNARD COOPER & GALE, P.C**.
1901 6th Avenue North, Suite 2400
Birmingham, Alabama 35203
Phone: (205) 254-1000
Email: rdavis@maynardcooper.com

*Attorneys for Defendant Sterne Agee Group, Inc.*


/s/ Nicole B. Liebman

Nicole B. Liebman, Esq.
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
200 Campus Drive
Florham Park, NJ 07932
Phone: (973) 624-0800
Email: nicole.liebman@wilsonelser.com

*Attorneys for Defendant Acquavella, Chiarelli, Shuster, Berkower & Co., LLP*

/s/ Robert S. Brener

Robert S. Brener, Esq.
**LECLAIRRYAN,** A Virginia Professional Corporation
1037 Raymond Blvd.
Newark, NJ 07102
Phone: (973) 491-3600
Email: Robert.Brener@leclairryan.com

A. Neil Hartzell, Esq. (admitted pro hac vice)
**LECLAIRRYAN**, A Virginia Professional Corporation
One International Place, 11th Floor
Boston, MA 02110
Phone: (617) 502-8209
Email: neil.hartzell@leclairryan.com

*Attorneys for Defendant L. McCarthy Downs, III*

**EXHIBIT A**

**Joint Proposed Discovery and Class Certification Schedule**

| Task | Date |
|---|---|
| Discovery Begins | Immediately once the Court sustains the Complaint |
| Defendants' Answer Due | 30 days after the Court sustains the Complaint |
| Plaintiffs' Motion for Class Certification | Filed no later than 120 days after the commencement of discovery |
| Defendants' Opposition to Plaintiffs' Motion for Class Certification | 90 days after the filing of Plaintiffs' Motion for Class Certification |
| Plaintiffs' Reply in Further Support of Motion for Class Certification | 45 days after Defendants' Opposition |
| Class Certification Hearing | At Court's discretion |
| Motions to Amend or to add parties | Filed no later than 180 days after the commencement of discovery |
| Fact discovery cutoff | 18 months after the commencement of discovery |
| Discovery motion filing deadline | 30 days after fact discovery cut-off date |
| Plaintiffs' merits expert report | 60 days after fact discovery cut-off date, or 45 days after ruling on any discovery motions that are filed after fact discovery closes |
| Defendants' merits expert report(s) | 60 days after submission of Plaintiffs' expert report |
| Expert discovery deadline | 45 days after submission of Defendants' expert report(s) |
| Dispositive motion filing deadline | 30 days after expert discovery cutoff |
| Opposition to Dispositive motion | 45 days after Dispositive Motion filing cutoff date |
| Reply to Dispositive Motion | 30 days after opposition to dispositive motion deadline |

Plaintiffs and Defendants reserve the right to seek from each other or the Court additional adjournments or extensions of the applicable foregoing deadlines.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this, the 23rd day of October 2014 a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


           /s/  Sara Fuks