**WILSON ELSER**
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

April 6, 2015

(212) 915-5885
Nicole.Liebman@wilsonelser.com

**BY ELECTRONIC FILING**
The Honorable Madeline C. Arleo
United States District Judge
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Room 4015
Newark, NJ 07101

Re:   *Dartell v. Tibet Pharmaceuticals, Inc. et al*
      Case No.    :    14-cv-03620-MCA-JBC
      Our File No. :    10907.00362

Dear Judge Arleo:

We are counsel for defendant Acquavella, Chiarelli, Shuster, Berkower & Co., LLP ("ACSB") in the referenced action. We write to request consent to file a motion for reconsideration on ACBS's motion to dismiss, which was denied by Judge Hochberg on February 20, 2015.

On March 24, 2015, the Supreme Court issued its decision in *Omnicare v. Laborers District Council Construction Industry Pension Fund*, No. 13-435 (March 24, 2015). That case dealt with whether and under what conditions a claim involving "opinions" may give rise to liability under Section 11 of the Securities Act of 1933. As many commentators have noted, that decision reset the landscape of Section 11 jurisprudence. That case directly addresses the type of claim asserted here against ACSB and as such, we believe that had Judge Hochberg had the benefit of this decision when evaluating ACSB's motion to dismiss, she would not have ruled as she did. In sum, we believe that it provides ground for dismissal of the claim as currently pled.

A motion for reconsideration of a non-final order is governed by Local Rule 7.1(i), which states "(i) Motions for Reconsideration. Unless otherwise provided by statute or rule (such as Fed. R. Civ. P. 50, 52 and 59), a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." Thus, technically, a motion pursuant to Local Rule 7.1 would be untimely. However, the intervening change in case law did not occur until two weeks ago, which was more than 14 days after Judge Hochberg's decision. We believe that the timing of the *Omnicare* decision provides

150 East 42nd Street • New York, NY 10017 • p 212.490.3000 • f 212.490.3038

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Las Vegas • London • Los Angeles • Louisville • McLean
Miami • Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Washington, DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris
wilsonelser.com

6691994v.1

sufficient grounds to justify a "late" motion for reconsideration under Federal Rule 6(b)(1)(B).

Therefore, we respectfully request leave to file a motion for reconsideration of the Court's February 20, 2015, decision limited to those issues impacted by the *Omnicare* decision. We also note that there is currently a telephone status conference in this case that is set for April 9, 2015 at 11am before Magistrate Judge James B. Clark.

We have consulted with plaintiffs' counsel and they oppose the application for leave because plaintiffs believe the anticipated motion lacks merit.

We are available at the Court's convenience to discuss this matter further.

Respectfully submitted,

Wilson Elser Moskowitz Edelman & Dicker LLP


Nicole B. Liebman


cc: All Counsel

6691994v.1