

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ROBIN JOACHIM DARTELL, et al.,
Individually and on Behalf of All Others
Similarly Situated

            Plaintiff,

    VS.

TIBET PHARMACEUTICALS, INC., et al
        Defendant.

Civil Action No. 14-CV-3620-MCA-MAH

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## ORDER CERTIFYING THE CLASS, APPOINTING CLASS REPRESENTATIVES, AND APPOINTING CLASS COUNSEL

The Court, having reviewed Plaintiffs' motion for class certification and all supporting and opposing papers thereon, and the Court finding that:

(a) under Rule 23(a)(1) the proposed Class is sufficiently numerous in that, based on documents submitted by Plaintiffs, the Class consists of at least 66 persons rendering joinder of all class members impracticable;

(b) under Rule 23(a)(2) there exist common questions of law and fact as to all class members, which include, *inter alia*: (i) whether Tibet's Registration Statement and Prospectus contain untrue statements and/or omissions, (ii) whether the Underwriter Defendants performed adequate due diligence prior to Tibet's IPO, (iii) whether Acquavella Chiarelli, Shuster, Berkower & Co. LLP performed a reasonable

investigation before issue its audit opinions, (iv) whether the Individual Defendants were "control persons" of Tibet within the meaning of Section 15 of the Securities Act, and (v) to what extent the members of the Class have sustained damages and the proper measure of damages.

(c)  under Rule 23(a)(3) the claims and defenses of the proposed class representatives are typical of the claims and defenses of all class members in that the proposed representatives purchased Tibet's common stock during the Class Period, the alleged materially misleading and false statements were made uniformly to all Class members, and all Class members suffered the same type of damages;

(d) under Rule 23(a)(4) the proposed class representatives have demonstrated that each of them will fairly and adequately protect the interests of the class;

(e)  the proposed lead counsel for the Class, the Rosen Law Firm, P.A., has demonstrated that it is experienced in prosecuting class actions of this nature and will adequately represent the interests of the Class;

(f)  under Rule 23(b)(3) the questions of law or fact are common to the members of the class (e.g., whether Defendants have violated the federal securities laws, and if so, the appropriate measure of damages) and predominate over any questions affecting only individual members;

(g) a class action is superior to other available methods for the fair and efficient adjudication of the controversy given the inherent similarity of each of the claims and defenses to be asserted in the action and the adequacy of the class representative; and

(h) it appearing to the Court that good cause has been shown,

1

IT IS HEREBY ORDERED THAT

1.      The above-styled action is hereby certified as a class action as to all claims and defenses at issue in the Consolidated Amended Class Action Complaint in this action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

2.      The "Class" of plaintiffs is defined as follows: persons or entities that purchased the common stock of Tibet in the Company's Initial Public Offering ("IPO") on January 24, 2011 or purchased Tibet stock thereafter in the stock market pursuant and/or traceable to Tibet's Registration Statement and Prospectus issued in connection with the IPO during the period from January 24, 2011 to April 3, 2012 (the "Class Period");

3.      Excluded from the Class are Tibet, the Defendants, members of the Defendants' families, any entity in which Defendants and/or Tibet have a controlling interest or are a parent or subsidiary of, or which is controlled by Tibet, and the present and former officers, directors, employees, affiliates, legal representative, heirs, processors, successors, and assigns of Defendants and/or Tibet.

4.      Lead Plaintiffs Obasi Investment Limited, Jingli Shao, Robin Dartell, Lixin Wu, Sean Carithers, and Jason Helton (collectively "Plaintiffs") are appointed as the representatives of the Class.

5.      The Rosen Law Firm, P.A. is appointed as lead class counsel for all purposes in this action.

6.
        The parties shall meet and confer on the form and manner of providing notice, and within twenty-one (21) days of the date of this order, submit their proposal for notice to the Class to the Court for approval.

Dated: February 22, 2016                    **SO ORDERED:**

2

*/s/ Madeline Cox Arleo*

HON. MADELINE COX ARLEO
UNITED STATES DISTRICT JUDGE