UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
JOHN MICHAEL VAZQUEZ
UNITED STATES DISTRICT
JUDGE

FRANK R. LAUTENBERG
POST OFFICE AND
COURTHOUSE
2 FEDERAL SQUARE, ROOM 417
NEWARK, NJ 07102
973-297-4851

November 17, 2016

VIA ECF

Re: Snellink, *et al* v. Universal Travel Group, Inc., *et al*
Civil Action No. 11-2164

Dartell v. Tibet Pharmaceuticals, Inc., *et al*
Civil Action No. 14-3620

Dear Litigants:

**THIS MATTER** comes before the Court by way of the Motions for Preliminary Approval of Class Action Settlement that are brought by Lead Plaintiffs in *Snellink v. Universal Travel Group, Inc.* (D.E. 196) ("UTG") and *Dartell v. Tibet Pharmaceuticals, Inc.* (D.E. 206) ("Tibet"). The Lead Plaintiffs in UTG also seek class certification for settlement purposes. Because Acquavella, Chiarelli, Shuster, Berkower & Co. LLP ("ACSB") is a Defendant in both matters, the Lead Plaintiffs in UTG and Tibet are represented by the Rosen Law Firm ("Lead Counsel"), and ACSB's settlement is contingent on a joint resolution of both cases, the Court addresses the motions together.

As the parties are aware, UTG and Tibet are federal securities fraud class actions. *See generally* UTG Third Am. Compl., D.E. 164; Tibet Am. Compl., D.E. 50. Therefore, the Court will approve the settlements if they are "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The Court must also "direct notice in a reasonable manner to all class members who would be bound" by the proposed settlements. Fed. R. Civ. P. 23(e)(1). Courts review class action settlements in two stages. The first stage is "a preliminary fairness evaluation," which is granted by a court "unless the proposed settlement is obviously deficient." *Skeen v. BMW of N. Am., LLC*, No. 13-1531, 2016 WL 70817, at *4 (D.N.J. Jan. 6, 2016). After a court grants preliminary approval, it "directs that notice be sent to all class members." *Id.* For the second stage, which occurs after class notice is sent, the court holds a final fairness hearing. *Id.*

The motions presently before the Court address the first stage of a review, or the preliminary fairness evaluation. The Court has a number of questions and needs further

information regarding the proposed settlements and class notice in order to determine whether the proposed settlements are appropriate and not obviously deficient. The Court's questions and concerns are set forth below.

**Issues Pertaining to Both UTG and Tibet:**

1) Approximately how many class members are in each class, and what steps has Lead Counsel taken to identify individual class members?

2) Why did the parties decide to divide the available funds from ACSB's insurance policy evenly between the UTG and Tibet settlements? Describe the reasoning and basis for such division.

3) The parties must provide the Court with all relevant agreements, see Fed. R. Civ. P. 23(e), including the Supplemental Agreements that are discussed in both UTG (D.E. 197-1 at 33) and Tibet (D.E. 205 at 30) and any relevant agreements between the settling Defendants and their respective insurance companies.

4) The parties must provide a more detailed description of the discovery and "pre-discovery investigation" that was conducted in both cases. As to Tibet, include the total number of documents received and a description of the categories of documents received.

5) The parties must provide a general description of their arm's-length settlement negotiations. The Court is seeking general information concerning the dates such negotiations took place, the persons present, and the information exchanged.

6) As is required by the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4, class notice must contain information about the average amount of damages per share that could be recoverable if Plaintiffs prevailed on their claims. The parties must follow the requirements of Section 78u-4(a)(7)(B)(i) or (ii) depending upon whether they agree or disagree "on the average amount of damages[.]"

7) Provide a good faith estimate of the overall costs for the claims administrator as well as the attorney's litigation expenses. Class notice must include these estimates and clearly indicate that such amounts are only estimates subject to increase or decrease depending upon the actual amounts which are not available at the current time.

8) Class notice must use clear, concise, and easily understandable language. Class notice must also be free of typographical errors and contain accurate information regarding the Judge, courtroom, and address of the Court.

9) Please explain how the time frames in each settlement were set and why there are different time frames in the two cases. In UTG, for example, Lead Counsel and Strategic Claims must mail class notice within thirty-five days of an Order preliminarily approving the settlement but Lead Counsel only have fourteen days to mail class notice in Tibet.

10) Class notice must include a one-page cover letter to the recipients that summarizes the key points of the proposed settlement. In addition, the mailing envelope must inform class members that the mailing is providing notice of a class action settlement and that the individual receiving notice could be eligible for payment from the settlement. The parties should follow the form and substance of the samples from the Federal Judicial Center's "Illustrative" Forms of Class Action Notices. *See* http://www.fjc.gov/public/home.nsf/autoframe?openagent&url_l=/public/home.nsf/inavg eneral?openpage&url_r=/public/home.nsf/pages/376. The parties shall submit a sample letter and envelope for each case for the Court's review and approval.

11) Lead Counsel must provide class members with access (electronic or paper) to the Stipulation, the operative complaint, and other key litigation documents for each case. Class notice must explain how class members can access these documents. In the current submitted form, only the Stipulation is referenced. In addition, the access to the Stipulation in each case must be more prominently displayed in the class notices.

12) Lead Counsel must provide an overview and explanation for the recognized loss formula used in each case.

13) Does any party or law firm (including individual counsel, employees, or immediate family member) have an interest in the claims administrator, Strategic Claims Services, Incorporated ("Strategic Claims")?

14) The notice plan must explain how Lead Counsel and/or Strategic Claims will address mailed notice that is returned.

15) Strategic Claims must post any relevant change of date (per Court Order or otherwise) on the website that is set up for each case. The class notice must indicate that class members should review the website to determine if there has been any change to the dates provided.

16) The short form notice in each matter shall be revised to provide all pertinent information. The parties should follow the form and substance of the sample from the Federal Judicial Center's "Illustrative" Forms of Class Action Notices. *See* http://www.fjc.gov/public/home.nsf/autoframe?openagent&url_l=/public/home.nsf/inavg eneral?openpage&url_r=/public/home.nsf/pages/376. The parties shall submit the revised short form notice for the Court's review and approval.

17) Indicate the qualifications of Strategic Claims to serve as claims administrator.

18) The UTG Stipulation requires securities firms and transfer agents that may have relevant information regarding class members to provide such information to Lead Counsel or Strategic Claims. (D.E. 197-1 at 31). Lead Counsel shall explain how it has identified the relevant securities firms and transfer agents. Lead Counsel shall also indicate whether it anticipates that this extra step will delay its ability to ascertain individual class

members and, if so, whether the delay is factored into the time in which class members can opt-out or object to the settlement.

19) Why is a similar provision regarding securities firms and transfer agents not also included in the Tibet Stipulation?

**UTG Issues:**

1) Please explain the basis for the statement at the bottom of page 18 of the Memorandum of Law in Support of the Motion (D.E. 197) that class members "are individuals for whom prosecution of a costly damages action on their own behalf is not a realistic or efficient alternative."

2) Strategic Claims must send notice to all beneficial owners that are identified by nominee owners, as discussed on page 5 of the proposed Order. Any nominee/settling agent that identifies beneficial owners is not responsible for sending notice to the beneficial owners. *See* D.E. 197-2 at 4-5.

3) Paragraph 19(c) of the proposed Order (*Id.* at 7) must state that claimants have at least ten days from **receipt of the notice of deficiency** to cure any deficiency.

4) Question Number Two in the Notice of Pendency and Settlement of Class Action (D.E. 197-4 at 4) must contain a succinct description of the claims, parties, and defenses. Similarly, Question Number Four (*Id.* at 5) must also contain a succinct explanation of why there is a settlement, and Question Number Ten (*Id.* at 12) must include short, understandable definitions. If appropriate, the notice may refer class members to the full definitions in the Stipulation or in the proof of claim and release. Overall, the notice must be written so that it is clear (including rectifying numerous spacing issues) and understandable to a layperson. Merely pasting in language from the Stipulation is not sufficient.

5) The "Special Notice to Nominees" section in the Notice of Pendency and Settlement of Class Actions (*Id.* at 18) must also be included in the cover letter or in a separate document. As noted, the nominee owners shall not be responsible for providing notice to the actual owners. Instead, the nominee owners shall provide the names and addresses of the actual owners to the claims administrator, who shall be responsible for notifying the actual owners.

6) The definitions in the Proof of Claim and Release (D.E. 197-5 at 3-4) must be the same as the definitions in the Stipulation.

4

**Tibet Issues:**

1) Why does the proposed Order require class members to formally intervene pursuant to Federal Rule of Civil Procedure 24? *See* D.E. 205 at 43, ¶ 9.

2) Does Lead Counsel and/or Strategic Claims plan to take steps to identify additional members of the class outside of those that were identified through the Anderson & Strudwick settlement? What are those steps? If not, indicate why.

3) Question Number Two in the Notice of Pendency and Settlement of Class Action (*Id.* at 57) must actually contain a description of what the lawsuit is about. The Summary Notice (*Id.* at 75) must also contain a brief description of the nature of the suit and the asserted claims.

4) Question Number Twelve in the Notice of Pendency and the Settlement of Class Action (*Id.* at 64) must also state that the Rosen Law Firm represents all class members and has a duty to them.

5) The opening, bolded paragraph of the Class Action Proof of Claim and Release (*Id.* at 68) must include a statement explaining that individuals who submitted a claim in the Anderson & Strudwick settlement are automatically included as class members in this matter unless the individual writes to indicate that he or she wants to opt-out of the class.

The parties must address each of these questions or concerns by letter or by directly editing the relevant document within **twenty-one (21) days**. As to any document submitted that has been edited pursuant to the foregoing, the parties shall also include a red-line version of the edited document. Upon receipt and review, the Court will rule on the pending motions.

John Michael Vazquez, U.S.D.J.

5