UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBIN JOACHIM DARTELL, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>vs.<br><br>TIBET PHARMACEUTICALS, INC, et al.<br><br>Defendants. | CASE No.: 14-CV-3620-JMV-JBC |

## ORDER PRELIMINARILY APPROVING PARTIAL SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, Lead Plaintiffs and Class Representatives Obasi Investment Limited, Jude Shao, Robin Dartell, Lixin Wu, Jason Helton and Sean Carithers (collectively "Plaintiffs" or "Class Representatives"), on behalf of themselves and the class and Defendant Acquavella, Chiarelli, Shuster, Berkower & Co. LLP ("ACSB" or the "Settling Defendant," and with Plaintiffs, the "Settling Parties") have agreed to settlement of all claims asserted in this Action against the Settling Defendant;

WHEREAS, the Settlement was entered into through a Stipulation of Settlement, dated May 31, 2016 (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed Settlement of the claims alleged in the Complaint filed in the Litigation on the merits and with prejudice; and

WHEREAS, the Court having read and considered the Stipulation, the proposed "Notice of Pendency of Class Action and Proposed Settlement" ("Notice"), the proposed "Summary Notice of Pendency of Class Action and Proposed Settlement" ("Summary Notice"), the proposed Plan

1

of Allocation of the Net Settlement Fund among Settlement Class Members, the proposed form of the Proof of Claim and Release ("Proof of Claim"), all of which are attached as Ex. B to D.E. 250, and the proposed form of Order and Final Judgment, and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 29th day of December, 2016, that:

1. Unless indicated otherwise, capitalized terms used herein have the same meanings defined in the Stipulation.

2. Pursuant to the Court's Order dated February 22, 2016 (Dkt. No. 184) the Action was certified as a class action on behalf of all persons or entities that purchased the common stock of Tibet in the Company's Initial Public Offering on January 24, 2011 or purchased Tibet stock thereafter in the stock market pursuant and/or traceable to Tibet's Registration Statement and Prospectus issued in connection with the IPO during the period from January 24, 2011 to April 3, 2012, inclusive, excluding Tibet, the Defendants, members of the Defendants' families, any entity in which the Defendants and/or Tibet have a controlling interest or are a parent or subsidiary of, or which is controlled by Tibet, and the present and former officers, directors, employees, affiliates, legal representative, heirs, predecessor, successors, and assigns of Defendant and/or Tibet (the "Class").

3. Pursuant to this Order, additionally excluded from the Class are those persons who file valid and timely requests for exclusion in accordance with this Order.

4. The Court hereby preliminarily approves the Settlement, subject to further consideration at a hearing (the "Settlement Hearing") pursuant to Federal Rule of Civil Procedure

23(e), which is hereby scheduled to be held before the Court on **June 6, 2017, at 11:30 a.m.** for the following purposes:

    a.    to finally determine whether the Action satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b);

    b.    to finally determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

    c.    to finally determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Action as to the Settling Defendant on the merits and with prejudice, and to determine whether the release by the Settlement Class of the Released Party as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to bring any claims extinguished by the release;

    d.    to finally determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

    e.    to consider the application of Plaintiffs' Counsel for an award of Attorneys' Fees and Expenses and an Awards to Plaintiffs;

    f.    to consider any Settlement Class Members' objections to the Settlement, whether submitted previously in writing or presented orally at the Final Settlement Hearing by Settlement Class Members (or by counsel on their behalf); and

    g.    to rule upon such other matters as the Court may deem appropriate.

5. The Court reserves the right to adjourn the Settlement Hearing to a later date and to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing the Complaint as to the Settling Defendant, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded any Attorneys' Fees and Expenses or Award to Plaintiffs.

6. The Court reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Settling Parties and without further notice to the Settlement Class where to do so would not impair Settlement Class Members' rights in a manner inconsistent with Rule 23 and due process of law.

7. The Court approves the form, substance and requirements of (a) the Notice, (b) the Summary Notice and (c) the Proof of Claim, all of which are exhibits to D.E. 250.

8. Class Counsel has the authority to enter into the Stipulation on behalf of the Settlement Class and is authorized to act on behalf of the Settlement Class Members with respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

9. Any Settlement Class Member may enter an appearance in the Action at his, her or its own expense, individually or through counsel of his, her or its own choice. Settlement Class Members who do not enter appearances shall be represented by Class Counsel. Any Settlement Class Member who anticipates the need and wishes to appeal any aspect of the Stipulation or Settlement must first formally object to the Settlement as set forth in the Notice. If no objection is made any class member seeking to appeal any aspect of the Stipulation or the Settlement will be

required to formally move to intervene as a party under Rule 24 of the Federal Rules of Civil Procedure.

10. Strategic Claims Services is approved as the Claims Administrator for the Settlement.

11. Class Counsel, through the Claims Administrator, shall cause the Notice and the Proof of Claim, substantially in the forms annexed to D.E. 250, to be mailed, by first class mail, postage prepaid, within fourteen calendar days of the entry of this Order, to all Settlement Class Members who can be identified with reasonable effort by the Claims Administrator. Class Counsel, through the Claims Administrator, shall use the cover letter and envelope attached as Ex. D to D.E. 250 for the mailing.

12. Plaintiffs' Counsel are authorized to establish a Notice and Administration Account (as defined in the Stipulation) of $100,000 (One Hundred Thousand Dollars), to be used for reasonable out-of-pocket costs in connection with providing notice of the Settlement to the Settlement Class and for other reasonable out-of-pocket administrative expenses. After the Effective Date, additional amounts may be transferred from the Settlement Fund to the Notice and Administration Account.

13. Class Counsel shall, at or before the Settlement Hearing, serve upon Settling Defendant's Counsel, and file with the Court, proof of mailing of the Notice and Proof of Claim, both to Settlement Class Members and to nominees.

14. Class Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on the *GlobeNewswire* and in print once in the *Investor's Business Daily* within fourteen calendar days after the entry of this Order. Class Counsel shall, at

or before the Settlement Hearing, serve upon Settling Defendant's Counsel and file with the Court proof of publication of the Summary Notice.

15. The forms and methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto. No Settlement Class Member will be relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

16. In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

   a. Settlement Class Members who submitted a valid and timely proof of claim and release form in the settlement with Anderson & Strudwick Inc., which was approved by the United States Bankruptcy Court for the Eastern District of Virginia on March 14, 2016 (the "Anderson & Strudwick Settlement") do not need to submit another proof of claim and release form and will automatically be eligible for a recovery in this Settlement;

   b. Settlement Class Members who did not submit a valid and timely proof of claim and release form in the Anderson & Strudwick Settlement must submit a properly completed and executed Proof of Claim to the Claims Administrator, at the Post Office Box indicated in the Notice, and received no later than sixty

(60) calendar days from the date of this Order. Such deadline may be further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail) provided such Proof of Claim is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

c.  The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly filled out, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Plaintiffs' Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

  d. Once the Claims Administrator has considered a timely-submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least seven (7) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured.

  e. For the filing of and all determinations concerning their Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court.

  17. All Settlement Class Members who did not submit valid and timely Proof of Claim in the Anderson & Strudwick Settlement and who do not submit valid and timely Proofs of Claim in connection with this Settlement will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects by subject to and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered.

  18. Settlement Class Members shall be bound by all determinations and judgments in the Litigation, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than twenty-one (21) calendar days prior to the Final Settlement Hearing or May 16, 2017, to the addresses listed in the Notice. Such request for exclusion shall clearly indicate the name and address and phone number and e-mail contact information (if any) of the person seeking exclusion, state that the sender specifically

requests to be excluded from the Class, and must be signed by such person. Such persons requesting exclusion are also required to specify all their purchases and sales of Tibet common stock during the Class Period, including the date, number of shares and price of the shares purchased or sold and include account documentation substantiating such purchases and sales. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Class Counsel may contact any person or entity filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

19. Settlement Class Members requesting exclusion from the Settlement Class shall not be entitled to receive any payment out of the Net Settlement Fund.

20. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the application for Attorneys' Fees and Expenses and any payment to Plaintiffs, only if such comments or objections and any supporting papers are served to be received at least fourteen (14) calendar days prior to the Settlement Hearing, upon each of the following:

**COUNSEL FOR PLAINTIFFS AND THE CLASS:**

Laurence M. Rosen, Esq.
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 34th Floor
New York, NY 10016


**COUNSEL FOR DEFENDANT ACQUAVELLA, CHIARELLI, SHUSTER & BERKOWER LLP:**

William Kelly, Esq.
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
1133 Westchester Avenue
White Plains, NY 10604

and the objector has (by that same date) filed said objections, papers and briefs, showing due proof of service upon counsel identified above, with the Clerk of the Court, United States District Court, Martin Luther King Building & U.S. Courthouse 50 Walnut Street, Newark, NJ 07101. Attendance at the Settlement Hearing is not necessary but persons wishing to be heard orally in opposition to the Settlement, the Plan of Allocation, and/or the application for Attorneys' Fees and Expenses or Award to Plaintiffs are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

21. Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the application for an award of Attorneys' Fees and Expenses and a payment to Plaintiffs.

22. The Court reserves the right to adjourn the Settlement Hearing or any adjournment thereof without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Settlement Class.

23. All papers in support of the Settlement, the Plan of Allocation and any application for Attorneys' Fees or Expenses or a payment to Plaintiffs shall be filed and served twenty-eight (28) calendar days before the Settlement Hearing.

24. Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and any application for Attorneys' Fees or Expenses or a payment to Plaintiffs shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

25. Pending final determination of whether the Settlement should be approved, all Settlement Class Members, and each of them, and anyone acting or purporting to act for any of them, shall be enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of, any Settled Claims.

26. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Plaintiffs regarding the merits of the claims made in the Action. Neither the Stipulation nor any of the terms and provisions of the Settlement set forth therein, nor any statements made, acts performed or documents executed in the negotiation of, pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or truth of any of the allegations in the Action or the validity of any of the Released Claims, or of any fault, wrongdoing or liability of any the Settling Defendant and its Related Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Settling Defendant and its Related Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

27. In the event the Settlement is not consummated pursuant to its terms, the Stipulation, except as otherwise provided therein, including any amendment(s) thereto, and this Order, shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or referred to in any action or proceedings by any

11

person or entity, and each party shall be restored to his, her or its respective position as it existed before the execution of the Stipulation, pursuant to the terms of the Stipulation.

28. The Court retains exclusive and specific jurisdiction over the action to consider all further matters arising out of, or relating to, the Settlement, including by way of illustration and not limitation, any dispute concerning any Proof of Claim filed by any Settlement Class Member and any future requests by one or more of the Settling Parties that the Final Order and Judgment, the Release and/or the permanent injunction set forth in the Stipulation be enforced. Notwithstanding the foregoing, by entering into the Stipulation and Settlement, the Settling Parties shall not be deemed to have submitted generally to the jurisdiction of the Court or to the State of New Jersey or for any purpose other than as set forth in this paragraph.

HON. JOHN MICHAEL VAZQUEZ
UNITED STATES DISTRICT JUDGE