UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ROBIN JOACHIM DARTELL, et al.,
Individually and on Behalf of All Others
Similarly Situated
                    Plaintiff,

VS.
TIBET PHARMACEUTICALS, INC., et al
                    Defendant.

Civil Action No. 14-CV-3620-JMV-MAH

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY) PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

The United States District Court for the District of New Jersey presents its compliments

to the appropriate judicial authorities, Chief Secretary for Administration, Hong Kong Special

Administrative Region Government, Room 321, 3/F, East Wing, Central Government Offices, 2

Tim Mei Avenue, Admiralty, Hong Kong, China, ("Hong Kong") and requests international

judicial assistance to obtain documentary evidence from a non-party witness located in Hong

Kong to be used for a civil trial before this Court ("Letter of Request"). Based on Plaintiffs'

allegations, this Court finds that there are sufficient grounds to obtain documentary evidence

from the Hongkong and Shanghai Banking Corporation Limited ("HSBC HK") in the above-

referenced class action ("Action") and should be produced in the interest of justice.

This Letter of Request is made pursuant to, and in conformity with, Chapter I of the

*Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial*

1

*Matters, opened for signature* March 18, 1970, 847 U.N.T.S. 241 (the "Hague Convention"), to which both the United States and the United Kingdom are parties.

Based on the Plaintiffs' allegations and the evidence produced in the case through discovery, this Court finds there are sufficient grounds to obtain documentary evidence sought through this Letter of Request, attached hereto as Schedule A that may be highly relevant to the issued in dispute. This Letter of Request fully complies with the reservations under the Hague Convention by Hong Kong.

The particulars of this Letter of Request follow:

**SECTION I**

1. **Sender:**

   Laurence M. Rosen
   The Rosen Law Firm, PA
   275 Madison Avenue
   New York, NY 10016
   USA
   Telephone: (212) 686-1060 Facsimile: 212-202-3827
   Email: lrosen@rosenlegal.com

   *As Authorized by:*
   James B. Clark, III, U.S.M.J.
   Honorable ~~John Michael Vasquez, United~~ Stated District Judge
   United States District Court for the District of New Jersey
   Martin Luther King Building & U.S. Courthouse
   50 Walnut Street
   Newark, NJ 17101
   USA

2. **Central Authority of Requested State:**

   Chief Secretary for Administration
   Hong Kong Special Administrative Region Government
   Room 321, 3/F, East Wing
   Central Government Offices

2 Tim Mei Avenue
Admiralty
Hong Kong, China

### 3.  Person to Whom the Executed Request is to be Returned:

Laurence M. Rosen
The Rosen Law Firm, PA
275 Madison Avenue
New York, NY 10016
USA
Telephone: (212) 686-1060 Facsimile: 212-202-3827
Email: lrosen@rosenlegal.com

### 4.  Specification of Date by Which the Requesting Authority Requires Receipt of the Response to the Letter of Request

The requesting authority respectfully requests that the response be provided as soon as

practicable in order to ensure that evidence may be obtained before the deadline for summary

judgment motions ~~of June 30, 2016.~~

### SECTION II

In conformity with Article 3 of the Hague Convention, the undersigned applicant has the

honor to submit the following request:

### 5.  Article 3(a): Judicial Authorities and Case Information

#### a.  Requesting Judicial Authority
Honorable ~~John Michael Vasquez United Stated District Judge~~ James B. Clark, III, U.S. M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Courtroom PO 03
Newark, NJ 17101
USA

#### b.  To the Competent Authority of the Hong Kong Special Administrative Region
Chief Secretary for Administration
Hong Kong Special Administrative Region Government
Room 321, 3/F, East Wing

3

Central Government Offices
2 Tim Mei Avenue
Admiralty
Hong Kong, China

c.  **Name of the Case and Any Identifying Number**

*Dartell, et al v. Tibet Pharmaceuticals, Inc. et al.*, No. 14-cv-3620 (JMV)(JBC), United States District Court for the District of New Jersey

6.  **Article 3(b): Names and Addresses of the Parties and Their Representatives of the Case**

**a. Plaintiffs**

Class Plaintiffs Obasi Investment Limited, Robin Dartell, Jude Shao, Lixin Wu, Jason Helton and Sean Carithers ("Plaintiffs")

*Represented by:*

Laurence M. Rosen, Esq.
Sara Fuks, Esq.
The Rosen Law Firm, PA
275 Madison Avenue
New York, NY 10016
**USA**
Telephone: (212) 686-1060 Facsimile: 212-202-3827
lrosen@rosenlegal.com
sfuks@rosenlegal.com

Laurence M. Rosen, Esq.
The Rosen Law Firm, PA
609 W. South Orange Avenue, Suite 2P
South Orange, New Jersey 07079
Tel: (973) 313-1887 Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

*Lead Counsel for Plaintiffs and the Class*

**b. Defendants**

*Tibet Pharmaceuticals, Inc.* ("Tibet")

*Individual Defendants:* Hong Yu, Taylor Z. Guo, Sabrina Y. Ren, Wenbo Chen, Youhang Peng, Solomon Chen, Hayden Zou, L. McCarthy Downs, III

*Auditor Defendant* Acquavella, Chiarelli, Schuster, Berkower & Co., LLP ("Acquavella")

4

***Underwriter Defendants*** Anderson & Strudwick, Inc., ("A&S") Sterne Agee Group, Inc., ("SAG") L. McCarthy Downs, III, Hayden Zou

*Represented by:*

William Kelly, Esq.
Wilson Elser Moskowitz, Edelman & Dicker LLP
1133 Westchester Avenue,
White Plains, NY 10604

*Counsel for Defendant Acquavella*

Neil Hartzell, Esq.
Robert Brener, Esq.
LeClair Ryan
1037 Raymond Blvd.,
Newark, NJ 07102

*Counsel for Defendant L. McCarthy Downs, III*

Scott Cargill, Esq.
Justin Gunnell, Esq.
Sher Tremonte LLP
80 Broad Street
New York, NY 10004

*Counsel for Defendants Hayden Zou and Youhang Peng*

*Other than Hayden Zou, Youhang Peng, and L. McCarthy Downs, III, the remaining Individual Defendants have not been served. Tibet has not appeared in the Action. The Action as to A&S and SAG has been settled.

## 7.  Article 3(c): Nature and Purpose of the Proceedings and Summary of the Facts

### a.    Nature and Purpose of the Claims

This certified class action alleges claims arising under Sections 11, 12(a)(2)) and 15 of the U.S. Securities Act of 1933 ("Securities Act") (15 U.S.C. §§77k, 777(a)(2)) on behalf of all persons  or entities that purchased the common stock of Tibet in Tibet's Initial Public Offering on January 24, 2011 or purchased Tibet stock thereafter in the stock market pursuant and/or

traceable to Tibet's Registration Statement and Prospectus issued in connection with the IPO during the period from January 24, 2011 to April 3, 2012, inclusive. On February 20, 2015 the Court denied the Motions to Dismiss the Action filed by Acquavella, Hayden Zou, Sterne Agee, and L. McCarthy Downs. On February 22, 2016, the Court entered an order granting Plaintiffs' motion for certification of the Class, appointing Obasi Investment Limited, Jude Shao, Robin Dartell, Lixin Wu, Jason Helton and Sean Carithers as class representatives (the "Class Representatives") and the Rosen Law Firm, P.A. as Lead Class Counsel.

### b.    Plaintiffs' Allegations

#### i.    Plaintiffs' Claims Generally

The Plaintiffs allege that the Defendants violated the United States Securities Act of 1933 by making various materially false and misleading statements in the registration statement and prospectus filed in connection with the initial public offering ("IPO") of Tibet Pharmaceuticals, Inc. ("Tibet") on January 24, 2011.  The Complaint alleges that Tibet solicited investors for its IPO and that Tibet's IPO registration statement ("Registration Statement") and preliminary prospectus filed with the SEC contained materially false statements because, among other reasons, Tibet was insolvent at the time of the IPO. The Complaint further alleged that Tibet's auditor, Acquavella, Chiarelli, Shuster & Berkower, LLP ("Acquavella") failed to conduct a proper audit of Tibet's financial statements contained in the Registration Statement, that Tibet's underwriter, Anderson & Strudwick, Inc., ("A&S") and its lead underwriter L. McCarthy Downs failed to conduct proper due diligence in connection with the Tibet IPO.  The Complaint further alleged that Sterne Agee Group, Inc. "(Sterne Agee") is the successor-in-interest to A&S.  The Complaint alleged that all of the Defendants are liable for damages resulting from the allegedly materially false and misleading statements contained in Tibet's IPO Registration Statement.

6

Once it became known that Tibet's financial statements contained in the IPO Registration Statement were false and that the assets of Tibet had been frozen pursuant to a court order, Tibet's stock became virtually worthless.

### ii.  Plaintiffs' Claims as They Related to HSBC HK

Plaintiffs' claims against Defendants allege that Tibet's financial statements in the IPO Registration were false and misleading because at the time of the IPO Tibet's assets were frozen by a court order.  Plaintiffs are therefore entitled to the return of the ill-gotten gains from the proceeds of the IPO.  Tibet has not appeared in this Action, and the remaining Defendants have testified that they do not have access to the proceeds from the IPO.   HSBC HK is not a party to this Action.  However, the evidence in the case demonstrates that the net proceeds from the Tibet IPO were transferred into a bank account at HSBC HK and that Tibet's CEO, Defendant Taylor Guo (who has not appeared in the case) signed for the receipt of funds into the above mentioned account.  A copy of the placement agreement produced as evidence in this litigation by non-party SunTrust Bank (the escrow agent for the IPO proceeds) evidencing the HSBC HK Bank account information into which the IPO proceeds were transferred is attached hereto as Exhibit B. Accordingly, the documentary evidence obtained from HSBC HK could serve to establish the whereabouts of the IPO proceeds.

### 8.  Evidence to be Obtained and Purpose

Pursuant to the Hague Convention, this Court requests that the appropriate judicial authority in Hong Kong compel HSBC HK to produce the documentary evidence described in Exhibit A.  HSBC HK is located in Hong Kong., and the documentary evidence to be examined is located outside of the United States.

Plaintiffs seek from HSBC HK authenticated copies of the documents identified in Schedule A alleged to be relevant to the claims alleged in the Action.  While this Court expresses no view as to the merits of the Action or any related motions in the Action, based on Plaintiffs' representations, it believes that the documentary evidence sought here is relevant and probative of material facts for trial in the Action and that production of this documentary evidence may advance the interests of justice.

It is respectfully requested that the competent judicial authority in Hong Kong compel HSBC HK to produce copies of the documents that are identified in Schedule A.

If any portion of this Letter of Request is deemed unacceptable under the laws of Hong Kong, please disregard that portion and continue to comply with as much of the Letter of Request as is legally permissible.

9.  **Article 3(e):  Identity and Address of the Person Subject to the Letter or Request:**

       The Hongkong and Shanghai Banking Corporation Limited
       1 Queen's Road Central
       Hong Kong SAR

10.  **Article 3(1): Statement of the Subject Matter About Which the Person Will be Examined**

       None.

11.  **Article 3(g): Documents and Other Evidence to Be Examined**

       See Attached Schedule A.

12.  **Article 3(h): Requirement That the Evidence Be Given on Oath or Affirmation**

       None.

13.  **Article 3(i): Special Procedures or Methods to Be Followed**

       See Attached Schedule A.

14.     **Article 7: Request for Notification of the Time and Place for the Execution of the Request and Identity and Address of Any Person to Be Notified**

Please send notice of the time and place for execution of this Letter of Request to:

Clerk of the United States District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse 50 Walnut Street Newark, NJ 17101 USA

Laurence M. Rosen
The Rosen Law Firm, PA
275 Madison Avenue
New York, NY 10016
USA
Telephone: (212) 686-1060 Facsimile: 212-202-3827
lrosen@rosenlegal.com

*Counsel for Plaintiffs and the Class*

15. **Article 8: Request for Attendance or Participation of Judicial Personnel of the Requesting Authority at the Execution of the Letter of Request**

None.

16.     **Article 11: Specification of Privilege or Duty to Refuse to Give Evidence Under the Law of the State of Origin**

Under the laws of the United States, a witness has a privilege to refuse to give evidence if to do so would disclose a confidential communication between the witness and her attorney specifically for the purpose of obtaining legal advice, and which privilege has not been waived. United States law also recognizes a privilege against criminal self-incrimination. Other limited privileges on grounds inapplicable here also exist, such as communications between doctors and patients, husband and wife, and clergy and penitent. Certain limited immunities are also recognized outside the strict definition of privilege, such as the limited protection of work product created by attorneys during or in anticipation of litigation, unless that privilege has been waived.

17.     **Article 14: Reimbursement**

The fees and costs incurred in the execution of this Letter of Request that are

9

reimbursable under the second paragraph of Article 14 or under Article 26 of the Hague Convention will be borne by Plaintiffs.

**CONCLUSION**

This Court, in the spirit of comity and reciprocity, hereby requests international judicial assistance in the form of this Letter of Request seeking information, documents, and things described herein from the Chief Secretary of Administration, for the attention of the Central Government Office. This Court extends to all judicial and other authorities of Hong Kong the assurances of its highest consideration.

This Court expresses its sincere willingness to provide similar assistance to the courts of the Hong Kong if future circumstances require.

Date of Request: January 31 , ~~2016~~ 2017

SIGNATURE AND SEAL OF THE REQUESTING AUTHORITY (Affix seal here.)

HONORABLE ~~P. JOHN MICHAEL VASQUEZ~~ James B. Clark, III
UNITED STATES ~~DISTRICT~~ Magistrate JUDGE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NEWARK, NEW JERSEY, UNITED STATES