**Not for Publication**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBIN JOACHIM DARTELL, *et al*, individually and on behalf all others similarly situated, *Plaintiffs*, v. TIBET PHARMACEUTICALS, INC., *et al*, *Defendants*. | Civil Action No. 14-3620 **OPINION** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court by way of a motion to dismiss filed by Defendant Youhang Peng. D.E. 219. Plaintiffs filed a brief in opposition to which Defendant replied. D.E. 236, 244. The Court reviewed the submissions in support and in opposition, and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Peng's motion is **GRANTED**.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

This class action involves alleged misrepresentations in Defendant Tibet Pharmaceuticals, Inc.'s ("Tibet") Initial Public Offering ("IPO") registration documents. Plaintiffs brought suit against a number of individuals and entities who were involved in the IPO, including Tibet, the Tibet Directors who signed the IPO Registration Statement, the underwriter, and Tibet's accounting firm. *See generally* FAC ¶¶ 23-40, D.E. 50. Defendant Peng was one of the Tibet Directors who signed the Registration Statement. *Id.* ¶ 30.

Plaintiffs initially filed suit on August 31, 2012 in the United States District Court for the District of the Virgin Islands, and on May 1, 2013, filed the Amended Complaint in that court. D.E. 1, 50. On August 6, 2013, the Clerk of the Court of the Virgin Islands issued a summons for Defendant Peng, who according to the address listed on the summons, resided in Coppell, Texas. *See* Declaration of Scott Cargill ("Cargill Decl.") Ex. C, D.E. 219-3. After considering multiple motions to dismiss for improper venue, the case was transferred to the District of New Jersey on May 1, 2014. D.E. 72.

On March 22, 2016, almost three years after Plaintiffs filed the Amended Complaint, Plaintiffs served Defendant Peng with the summons and Amended Complaint at his home in Coppell, Texas. Cargill Decl. Ex. C. Plaintiffs served Peng with the August 2013 summons, which was issued and signed by the Clerk of the Court for the Virgin Islands and contains the case name and civil index number from that District. The summons fails to make any mention of the District of New Jersey and does not contain the correct civil case index number or caption. *Id.*

Plaintiffs maintain that after the summons was issued, they retained a process server in August 2013 to serve Peng at the Texas address. Plaintiffs state that the process server attempted to serve Peng in 2013 "but [Plaintiffs] no longer possess information concerning the dates on which service [was] attempted." Cargill Decl. Ex. B, Response No. 2; Plfs' Br. at 7, D.E. 236. Plaintiffs' counsel, however, ultimately "came to the conclusion that, as they had alleged in the Complaint," Peng resided in the Peoples Republic of China. Plfs' Br. at 3. Plaintiffs' counsel apparently reached this conclusion because all of Tibet's operations are in China, the IPO Prospectus lists a Chinese business address for Peng, and "information readily available on the Internet is consistent with Plaintiffs' belief . . . that Peng resided in [China]." *Id.* at 7; Declaration of Sara Fuks in Support of Plaintiffs' Memorandum of Law in Opposition to Defendant Peng's Motion to Dismiss

2

("Fuks Decl.") Exs. 1, 3-4, D.E. 236.  Despite their belief that Peng lived in China, Plaintiffs took no steps to serve Peng in China and did not request an extension of time in which to serve Peng until the current motion to dismiss was filed.  Plaintiffs also failed to request permission to serve Peng by alternate means, such as by mail or publication outside the United States.  *See* Cargill Decl. Ex. B, Response Nos. 4, 7.

Plaintiffs state that they realized Peng resided in Coppell, Texas after receiving a document produced through discovery in this matter in November 2015.  The document indicates that money was transferred from an HSBC account to an entity with Peng's address in Texas.  *See* Fuks Decl. Ex. 2.  Four months later, Plaintiffs finally served Peng.  *See* Cargill Decl. Ex. C.  Peng maintains that he has lived at the Coppell, Texas address since at the latest 2010, and was present in Texas for a majority of the year (345 out of 365 days) in both 2012 and 2013.  Cargill Decl. ¶¶ 16-17.  Peng does not own or rent any other residential property.  Cargill Decl. Ex. A, Response No. 3.  Peng did not participate in this litigation until he was served, and states that he was not even aware of the case until he was served.  *Id.*, Response No. 8.

Although Plaintiffs failed to serve Peng until March 2016, they have been actively litigating this case against other Defendants.[1]  In fact, discovery closed on April 29, 2016 (D.E. 147).  After the close of discovery, two non-director Defendants Hayden Zou and L. McCarthy Downs, filed motions for summary judgment.  D.E. 207, 210.  In addition, a final settlement hearing for Defendant Acquavella, Chiarelli, Shuster, Berkower & Co. LLP is scheduled for June 2017 (D.E. 253) and Defendant Sterne Agee Group, Inc. was dismissed as a Defendant through a court-approved settlement on July 13, 2016 (D.E. 217).

---

[1] The Clerk of the Court entered default against Tibet on July 28, 2016 pursuant to Rule 55, and the Court is not aware of any information indicating that Plaintiffs made good faith efforts to serve the other Director Defendants.

3

After he was served, Peng filed a motion on April 14, 2016, seeking dismissal due to improper service of process pursuant to Federal Rules of Civil Procedure 12(b)(4) and (b)(5), and for lack of personal jurisdiction pursuant to Rule 12(b)(2). D.E. 191. Judge Clark terminated Peng's motion on April 22, 2016, permitting the parties to take limited jurisdictional discovery on issues raised in the motion. D.E. 194. After conducting this limited discovery, Peng refiled his motion to dismiss. D.E. 219. Peng argues that the Amended Complaint should be dismissed as to him because the summons was improper and Plaintiffs failed to effect service within the time allowed under Rule 4(m). Peng continues that there is no basis upon which the Court should extend Plaintiffs' time to serve him. Peng also maintains that this Court does not have general or specific personal jurisdiction over him because Plaintiffs failed to plead that he has any contacts with New Jersey. *See generally* Def's Br., D.E. 220. Plaintiffs counter that although they failed to serve Peng in a timely fashion, the Court should extend the time in which they may serve Peng. Plaintiffs argue that good cause exists for the Court to grant an extension, or, alternately, that the Court should exercise its discretion to grant an extension of time to effect service. Plaintiffs also argue that the Court has personal jurisdiction over Peng because he signed Tibet's Registration Statement. *See generally* Plfs' Br.

## II.     FEDERAL RULE OF CIVIL PROCEDURE 12(b)(5) STANDARD

Rule 12(b)(5) permits a court to dismiss a complaint for insufficient service of process. Fed. R. Civ. P. 12(b)(5). The party effecting service has the burden of establishing that service was sufficient. *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993). Courts, however, have "broad discretion" in deciding a motion to dismiss pursuant to Rule 12(b)(5). *Hoist v. New Jersey*, No. 12-5370, 2013 WL 5467313, at *3 (D.N.J. Sept. 30, 2013).

A plaintiff must serve his summons and complaint on each defendant within 120 days of filing the complaint or the matter is subject to dismissal.[2] Fed. R. Civ. P. 4(m). But before a court dismisses a case for insufficient service of process, it must determine whether there was good cause for a plaintiff's failure to effect timely service. *Petrucelli v. Bohringer & Ratzinger, GMBH*, 46 F.3d 1298, 1305 (3d Cir. 1995). A plaintiff has the burden to establish good cause. *Mason v. Therics, Inc.*, No. 08-2404, 2009 WL 44743, at *2 (D.N.J. Jan. 6, 2009). If a plaintiff can demonstrate that good cause exists, "the district court must extend the time for service." *Petrucelli*, 46 F.3d at 1305. If good cause does not exist, "the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Id.*

### III. ANALYSIS

There is no dispute that Plaintiffs failed to serve Peng within the 120-day time period required by Rule 4(m). The Amended Complaint was filed on May 1, 2013 (D.E. 50), yet Peng was not served with the summons and Amended Complaint until March 22, 2016. *See* Cargill Decl. Ex. C. As a result, the Court must determine whether it should extend the time in which Plaintiffs may serve Peng.

**A. Good Cause Analysis**

First, the Court must determine whether there was good cause for Plaintiffs' failure to effect timely service. *Petrucelli*, 46 F.3d at 1305. To determine whether good cause existed, a court may consider factors such as (1) the reasonableness of plaintiff's efforts to serve; (2) prejudice to the defendant from the lack of timely service; and (3) whether plaintiff moved for an enlargement of time to serve. *Thalasinos v. Volvo Cars of N. Am. LLC*, No. 14-7954, 2016 WL 3436407, at *2

---

[2] Rule 4(m) has since been amended to reduce the time for service to ninety days. *See Miles v. City of Newark*, No. 15-1032, 2016 WL 4923504, at *2 n.1 (D.N.J. Sept. 14, 2016).

(D.N.J. June 16, 2016). "[I]nadvertence or lack of diligence of counsel are generally insufficient to establish good cause for the extension of the time period for service of process." *Cunningham v. New Jersey*, 230 F.R.D. 391, 394 (D.N.J. 2005). In addition, the Third Circuit equates "good cause" under Rule 4(m) "with the concept of 'excusable neglect' of Federal Rule of Civil Procedure 6(b)(2)." *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995). Excusable neglect requires "a demonstration of good faith on the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *Thalasinos*, 2016 WL 3436407, at *2 (quoting *MCI Telecomms. Corp.*, 71 F.3d at 1097)).

Plaintiffs state that in 2013, they "attempted to serve Peng at the Texas address to no avail." Plfs' Br. at 7. The Court, however, is left to guess as to whether these efforts were reasonable as Plaintiffs "no longer possess information concerning the dates on which service was attempted." Cargill Decl. Ex. B, Response No. 2. In other words, Plaintiffs provide no specific information as to their attempts to serve Peng in 2013 or thereafter until service was actually accomplished in 2016. Consequently, the Court does not know how many attempts (if there was in fact more than one attempt) were made, when the attempts occurred, or where the attempts occurred. Plaintiffs also state that they reasonably believed that Peng resided in China because he was a director of a company with operations in China and information on the Internet indicated that he lived in China. Plfs' Br. at 7. But despite Plaintiffs' beliefs, they failed to take any steps to locate or effect service on Peng in China.[3] Cargill Decl. Ex. B., Response Nos. 4, 7. As a result, the Court concludes that Plaintiffs' efforts to serve Peng within the 120-day limit were not reasonable.

---

[3] Rule 4(f)(1) permits service on an individual outside of the United States "by any internationally agreed means of service that is reasonably calculated to give notice." Fed. R. Civ. P. 4(f)(1). Because the United States and China are signatories to the Hague Convention, it would govern service of process had Plaintiffs chose to serve Peng or any other Defendant in China. *Zhang v. Baidu.com Inc.*, 932 F. Supp. 2d 561, 565 (S.D.N.Y. 2013).

6

In addition, Peng will be prejudiced by the lack of timely service. *See Gonzalez v. Thomas Built Buses, Inc.*, 268 F.R.D. 521, 527 (M.D. Pa. 2010) ("As with any claim, the more stale a claim becomes, the more likely it is that a defendant may become prejudiced by the lack of timely service."). As noted, Peng was not served until March 22, 2016. Even then, Peng was served with information concerning the matter as docketed in the Virgin Islands rather than this District.[4] Fact discovery closed approximately a month later, on April 29, 2016 (D.E. 147); two Defendants filed motions for summary judgment (D.E. 207, 210); Defendant Sterne Agee Group, Inc. was dismissed as a Defendant through a court-approved settlement on July 13, 2016 (D.E. 217); and a final settlement hearing for a different Defendant is scheduled to occur in June 2017 (D.E. 253). Peng has not participated in any discovery in this matter and would face an unfair uphill battle if he were expected to join the litigation at such a late date.

Finally, Plaintiffs did not move for an enlargement of time in which to serve Peng until this motion was filed, more than two and a half years after the time in which they should have served Peng. *See Gonzalez*, 268 F.R.D. at 527 (stating that for good cause analysis to be met a plaintiff must move for an extension "before expiration of this 120-day period"). Moreover, as noted, Plaintiffs served Peng with a summons that was issued by the Clerk of the Court for the Virgin Islands, and had a terminated case name and index number. Cargill Decl. Ex. C. Consequently, Plaintiffs fail to establish that good cause existed for their failure to effect service upon Peng within the 120-day period set by Rule 4(m).

### B. Discretionary Extension

---

[4] Peng also seeks dismissal pursuant to Rule 12(b)(4), which concerns the contents of a summons. *See Serfess v. Equifax Credit Info. Servs., LLC*, No. 13-406, 2015 WL 501972, at *3 n.4 (D.N.J. Feb. 5, 2015) (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed.)). Thus, Rule 12(b)(4) provides an independent basis upon which the Court could dismiss this case.

A court may still exercise its discretion and extend the time for service even in the absence of good cause. *Petrucelli*, 46 F.3d at 1305. In determining whether to grant a discretionary extension, the court may consider several factors including "1) actual notice of the action, 2) prejudice to the defendant, 3) statute of limitations, 4) conduct of the defendant, 5) whether the plaintiff is represented by counsel, and 6) any other relevant factor." *Jumpp v. Jerkins,* No. 08-6268, 2010 WL 715678, at *7 (D.N.J. Mar. 1, 2010).

On these facts, the Court sees no basis upon which it should exercise its discretion to extend Plaintiffs' time to serve Peng. Peng had no notice of this lawsuit until he was served on March 22, 2016, and as discussed, would be unfairly prejudiced if he was forced to start litigation after the close of fact discovery and more than three years after the suit was initially filed. There is also no indication that Peng attempted to evade service. In addition, Plaintiffs have been represented by counsel since the inception of this case. Therefore, the complaint will be dismissed as to Peng. *See, e.g.*, *Garlanger v. Verbeke*, 223 F. Supp. 2d 596, 610-11 (D.N.J. 2002) (dismissing claims against defendant where "more than thirteen months have passed since the filling of Plaintiff's original complaint and . . . Plaintiff has demonstrated no reasonable basis for failing to comply with the service requirements of Rule 4(m)"); *Coulter v. U.S. Dept. of Homeland Sec.*, No. 07-4894, 2009 WL 3068395, at *8 (D.N.J. Sept. 23, 2009) (dismissing complaint where 253 day delay in serving defendant appeared unreasonable and plaintiff failed to demonstrate "good cause").

Plaintiffs argue that the Court should exercise its discretion and extend the time to serve Peng because if the complaint is dismissed as to him, the statute of limitations would bar Plaintiffs from refiling the complaint. Plfs' Br. at 10. The running of the statute of limitations is a factor that can favor a plaintiff that failed to effect service. *Carter v. N.J. Assoc. of Sch. Adm'rs*, No. 06-4496, 2007 WL 1101448, at *2-3 (D.N.J. Apr. 11, 2007). Moreover, the Third Circuit prefers

8

"that cases be disposed of on the merits whenever practicable." *Id.* (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)). This factor, however, does not mandate that courts exercise their discretion and grant an extension. "A district court may still dismiss the case, even after considering that the statute of limitations has run and the refiling of an action is barred." *Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x 113, 116 (3d Cir. 2009) (citing *Petrucelli*, 46 F.3d at 1306).

This case is strikingly similar to *Chiang*. There, the Third Circuit concluded that dismissal was appropriate even though the statute of limitations would bar claims against defendants if plaintiffs tried to refile. The Third Circuit affirmed the district court's decision because it took plaintiffs, who were represented by counsel, "almost four years to perfect service" and plaintiffs "did not ask for an extension of time for service until they were facing a motion to dismiss." *Id.* Much like the Third Circuit in *Chiang*, the Court will not provide Plaintiffs with an extension of time to serve Peng here. As discussed, Plaintiffs, have been represented by counsel since the case was filed in 2012, and failed to seek an extension of time in which to serve Peng until Peng filed this motion to dismiss. Moreover, Plaintiffs did not serve Peng until two and half years after their initial time to effect service expired, and more than four months after receiving the document that allegedly indicated to Plaintiffs that Peng actually resided in Coppell, Texas. *See* Fuks Decl. Ex. 2. Plaintiffs also fail to provide any factual detail to support their claim that they attempted in good faith to effectuate service. In sum, Plaintiffs fail to provide the Court with any facts upon which it could reasonably conclude that a discretionary extension of time is justified, even taking into account the fact that the statute of limitations has run on Plaintiffs' claims against Peng.

## IV. CONCLUSION

For the reasons set forth above, Defendant Youhang Peng's motion to dismiss (D.E. 219) is **GRANTED**. Accordingly, the Amended Complaint is dismissed as to Peng without prejudice pursuant to Fed. R. Civ. P. 12(b)(5).[5] An appropriate Order accompanies this Opinion.

Dated: March 31, 2017

                                            **_s/ John Michael Vazquez_____**
                                            John Michael Vazquez, U.S.D.J.

---

[5] Because the complaint is dismissed on the basis of Plaintiffs' improper service, the Court will not address the parties' arguments regarding personal jurisdiction. *See* Def's Br. at 9; Plfs' Br. at 12-13.