UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBIN JOACHIM DARTELL, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>       Plaintiffs,<br><br>       vs.<br><br>TIBET PHARMACEUTICALS, INC, et al.<br><br>       Defendants. | CASE No.: 14-CV-3620-JMV-JBC |

## ORDER AND FINAL JUDGMENT

On the 6th day of June, 2017, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated May 31, 2016 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted in the Action against defendant Acquavella, Chiarelli, Shuster, Berkower & Co. LLP ("ACSB" or the "Settling Defendant") and (2) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that the Notice substantially in the form approved by the Court in the Court's Order Preliminarily Approving Settlement and Providing For Notice ("Preliminary Approval Order") was mailed to all reasonably identifiable Settlement Class Members and otherwise made available on Strategic Claims Services' website; and

It appearing that the Summary Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with that Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Unless indicated otherwise, capitalized terms used herein have the same meanings as set forth and defined in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Action, Plaintiffs, all Settlement Class Members and the Settling Defendant.

3. The Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this Litigation.

4. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies as a settlement class all persons or entities that purchased the common stock of Tibet in the Company's Initial Public Offering on January 24, 2011 or purchased Tibet stock thereafter in the stock market pursuant and/or traceable to Tibet's Registration Statement and Prospectus issued in connection with the IPO during the period from January 24, 2011 to

April 3, 2012, inclusive, who were allegedly damaged thereby. Excluded from the Settlement Class are Tibet, the Defendants, members of the Defendants' families, any entity in which the Defendants and/or Tibet have a controlling interest or are a parent or subsidiary of, or which is controlled by Tibet, and the present and former officers, directors, employees, affiliates, legal representative, heirs, predecessor, successors, and assigns of any Defendant and/or Tibet. Also excluded from the Settlement Class are those Persons who file valid and timely requests for exclusion in accordance with the Preliminary Approval Order.

5.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs are certified as the class representatives on behalf of the Settlement Class and the Lead Counsel previously selected by Lead Plaintiffs and appointed by the Court, is hereby appointed as Lead Counsel for the Settlement Class (or "Class Counsel").

6.  The Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons entitled to such notice.  No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon.  Thus, it is hereby determined that all members of the Settlement Class are bound by

this Order and Final Judgment except those persons listed on Exhibit A to this Order and Final Judgment.

7. The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Plaintiffs. The Settling Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8. The Action and the operative Consolidated Amended Complaint are hereby dismissed as to ACSB with prejudice, and without costs.

9. Plaintiffs and the Settlement Class Members hereby release and forever discharge the Released Party from any and all Released Claims. Plaintiffs and the Settlement Class members are hereby permanently and forever enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of the Released Claims against the Released Persons, as set forth in the Stipulation.

10. ACSB hereby releases and forever discharges any and all Released Claims, to the extent they relate to the subject matter of this Action or its prosecution thereof, against the Plaintiffs, any of the Settlement Class Members, and any of their counsel, including Class Counsel.

11. Subject to the provisions of the Stipulation, all Persons are barred from commencing, prosecuting, or asserting any claim, if any, however styled, whether for indemnification, contribution, or otherwise and whether arising under state, federal or common law, against the Released Party based upon, arising out of, or relating to the Released Claims; and the Released Party is barred from commencing, prosecuting, or asserting any claim, if any, however styled, whether for indemnification, contribution, or otherwise and whether arising under state, federal or common law, against any Persons, including but not limited to Class

4

Plaintiffs or their counsel, based upon, arising out of, or relating to the Released Claims, including the prosecution or institution of this litigation.

13. The Court finds that the Settling Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

14. Neither this Order and Final Judgment, the Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

    a. referred to or used against the Released Party or against the Plaintiffs or the Settlement Class as evidence of wrongdoing by anyone;

    b. construed against the Released Party or against the Plaintiffs or the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

    c. construed as, or received in evidence as, an admission, concession or presumption against the Settlement Class or any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund; or used or construed as an admission of any fault, liability or wrongdoing by any person or entity, or offered or received in evidence as an admission, concession, presumption or inference against the Released Party in any

5

proceeding other than such proceedings as may be necessary to consummate or enforce the Stipulation.

15. Exclusive and specific jurisdiction is hereby retained over the Settling Parties for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Stipulation, or Settlement and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Class Members.

16. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

18. The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on Plaintiffs' Counsel's application for an award of Attorneys' Fees and Expenses and/or Award to Plaintiffs.

19. In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated and the Settlement and all orders entered in connection therewith shall be rendered null and void, and the parties shall be deemed to have reverted to their respective status prior to the execution of the Stipulation, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, preserving in that event all of their respective claims and defenses in the Action, and shall revert to their respective positions in the Action.

Dated:_____, 2017

                                                                                     _____
HON. JOHN MICHAEL VASQUEZ
UNITED STATES DISTRICT JUDGE