**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBIN JOACHIM DARTELL, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | CASE No.: 14-CV-3620-JMV-JBC |
| Plaintiffs, | |
| vs. | |
| TIBET PHARMACEUTICALS, INC, et al. | |
| Defendants. | |

**CHALLENGED PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STRIKE THE AFFIDAVIT OF MING ZHU, MANAGER OF RMCC INVESTMENTS, LLC**

1

Class Representatives Lixin Wu, Obasi Investment Limited, and Robin Joachim Dartell (collectively, the "Challenged Plaintiffs") submit this reply to Defendants L. McCarthy Downs III and Hayden Zou's (collectively, "Defendants") opposition to Challenged Plaintiffs' Motion to Strike the Affidavit of Ming Zhu, Manager of RMCC Investments, LLC, (Doc. No. 295).

## PRELIMINARY STATEMENT

Nearly a year and a half after the close of discovery and several months after this Court denied their motions for summary judgment, Defendants now, for the first time, submit Ming Zhu's affidavit ("Zhu Aff.") to contest this Court's jurisdictional standing over the Challenged Plaintiffs. Defendants' standing challenge, however, is not jurisdictional, decided under Federal Rule of Civil Procedure 12(b)(1), but statutory, decided under Federal Rule of Civil Procedure 12(b)(6). Indeed, under Section 11 of the Securities Act, whether a plaintiff's purchase of a security is traceable to an offering "is an element of a plaintiff's claim for relief, not a jurisdictional issue." *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006) (holding Title VII's numerosity requirement to be non-jurisdictional); *see also Shapiro v. UJB Fin. Corp.*, 964 F.2d 272, 286 (3d Cir. 1992), *as amended* (May 27, 1992); *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 274 n.7 (3d Cir. 2006). Notably, two different appellate panels in this Circuit recently held the district courts erred in deciding statutory jurisdiction under Rule 12(b)(1) rather than Rule 12(b)(6). In other words, a district court was reversed for employing the same Rule 12(b)(1) in the same context urged by Defendants here.  Thus, Fed. R. Civ. P. 12(b)(6), not 12(b)(1), governs Defendants' untimely motion to dismiss.

Accordingly, Zhu's Aff. should be stricken because, on a motion to dismiss made pursuant to Rule 12(b)(6), this court may not review evidence outside of the pleadings, and

Defendants have not shown the Zhu Aff. is incorporated by reference in the complaint, integral to or explicitly relied upon in the complaint, or indisputably subject to judicial notice.

## I.   DEFENDANTS' UNTIMELY MOTION TO DISMISS IS GOVERNED BY FED. R. CIV. P. 12(b)(6), NOT 12(b)(1)

Defendants contend Rule 12(b)(1), not 12(b)(6), governs their motion to dismiss. Defendants argue the Zhu Aff. is therefore admissible because this Court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction pursuant to Rule 12(b)(1). Defendants are wrong: Rule 12(b)(6) governs, and the untimely filed Zhu Affudavit should be stricken. Defendants' motion contests the Challenged Plaintiffs' statutory standing under the Securities Act, which "is effectively the same as [seeking] a dismissal for failure to state a claim . . . brought pursuant to Rule 12(b)(6), rather than Rule 12(b)(1)." *Leyse v. Bank of Am. Nat. Ass'n*, 804 F.3d 316, 320 (3d Cir. 2015) ("Statutory standing goes to whether Congress has accorded a particular plaintiff the right to sue under a statute, but it does not limit the power of the court to adjudicate the case." (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1388 (2014)); *see also Arbaugh*, 546 U.S. at 516; *Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 307 (3d Cir. 2011) (whether a plaintiff is a direct purchaser for purposes of an antitrust or consumer protection claim, is an element of the plaintiff's claim, and thus an issue of statutory standing, not jurisdictional standing).

Rule 12(b)(1), however, governs challenges to Article III standing, which is required to establish a justiciable case or controversy to invoke the jurisdiction of the federal courts. *See, e.g*, *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 273 (3d Cir. 2016); *Leyse*, 804 F.3d at 320.  It is incontrovertible that this Court has subject matter jurisdiction over the Challenged Plaintiffs' Securities Act claims.  *See* 15 U.S.C.A. § 77v(a); *see also Deckert v. Indep. Shares Corp.*, 311 U.S. 282, 289 (1940).

Notably, the Third Circuit recently ruled that the district court committed reversible error when treating the issue of statutory standing as a jurisdictional issue under Rule 12(b)(1) rather than a Rule 12(b)(6) motion to dismiss for failure to state a claim for relief. *See Hartig Drug Co. Inc.*, 836 F.3d at 269 (vacating and remanding for new proceedings because district court erred in treating antitrust statutory standing as an issue of subject-matter jurisdiction under Rule 12(b)(1), rather than Rule 12(b)(6)); *see also Group Against Smog and Pollution, Inc. v. Shenango Inc.*, 810 F.3d 116 (3d Cir. 2016) (affirming on other grounds but holding the district court erred in deciding the diligent prosecution bar under the Clean Air Act was a jurisdictional limitation under Rule 12(b)(1), as opposed to a claim-processing rule properly analyzed under Rule 12(b)(6)). Thus, Rule 12(b)(6) governs Defendants' motion to dismiss.

As such, Defendants' motion is untimely because Defendants have already filed their answers. *See* Doc. Nos. 138, 150; *Doe v. Boyertown Area Sch. Dist*., 10 F. Supp. 3d 637, 648–49 (E.D. Pa. 2014) (dismissing defendant's motion to dismiss as untimely as it was filed after the defendant filed his answer). Moreover, the Court should strike the Zhu Aff., filed over a year and a half after discovery with Defendants closed and several months after this Court denied Defendants' motions for summary judgment, as a court may not review evidence outside of the pleadings under Rule 12(b)(6) and Defendants have not shown the Zhu Aff. is incorporated by reference in the complaint, is integral to or explicitly relied upon in the complaint, or is indisputably subject to judicial notice.[1]

---

[1] Under Rule 12(b)(6), the court is "required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the nonmovant." *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n.1 (3d Cir. 2014) (quotation marks and citations omitted). A court must "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). "An exception to the general rule is that a 'document *integral*

Further, Defendants' reliance on *In re Puda Coal* is misplaced. That case is non-binding, distinguishable, and, as to its description of statutory standing, runs contrary to Supreme Court and other Circuit Court of Appeals precedent. In *Puda Coal*, the district court granted defendants summary judgment motion because plaintiff had not demonstrated sufficient evidence to trace his shares to plaintiff's shares to the company's public offering in the face of defendants' challenge. *See In re Puda Coal Sec. Inc. Litig.*, No. 11 CIV. 2598 KBF, 2013 WL 5493007, at *9 (S.D.N.Y. Oct. 1, 2013). Conversely, when Defendants had the opportunity here, they failed to show that the Challenged Plaintiffs' shares are not traceable to Tibet's IPO. Indeed, this Court denied their summary judgment motions and rejected their traceability arguments.

Further, the court in *In re Puda Coal* denied another individual's motion to intervene to salvage the named plaintiff's claims because the named plaintiff did not have Article III standing from the outset sufficient to invoke tolling principles espoused in *American Pipe*. *Id.* at *14-15. The court held that the former named plaintiff lacked statutory standing, and therefore, because such standing is narrower than Article III standing and is "generally treated as jurisdictional in nature[,]" the court lacked subject matter jurisdiction from the outset. *Id.* This holding contradicts current Supreme Court, Second, Third and Fourth Circuit precedent. *See, e.g.*, *Lexmark Int'l, Inc.*, 134 S. Ct. at 1388 (calling the term "statutory standing" "misleading, since the absence of a valid . . . cause of action does not implicate subject matter jurisdiction, *i.e.*, the court's statutory or constitutional *power* to adjudicate the case."); *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 89 (1998) ("It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction,"

---

*to or explicitly relied* upon in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.'" *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis in original) (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

and "jurisdiction is not defeated by the possibility that the averments might fail to state a cause of action") (citations and alterations omitted); *Paulsen v. Remington Lodging & Hosp., LLC*, 773 F.3d 462, 467–68 (2d Cir. 2014) (recognizing previous Second Circuit cases have held statutory standing is sometimes jurisdictional while explaining the Supreme Court has since clarified in *Lexmark* that statutory standing is not jurisdictional unless Congress says so); *Leyse*, 804 F.3d at 320 ("[S]tatutory standing[,] . . . [u]nlike Article III standing, . . . is not jurisdictional."); *Sullivan*, 667 F.3d at 307 ("Statutory standing is distinct from jurisdictional standing[.]"); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 338-39 (4th Cir. 2006) (a plaintiff's inability to demonstrate he purchased securities in an offering is a failure to demonstrate an element of a claim, not that he "lack[s] Article III standing").

## II.   CONCLUSION

For the foregoing reasons, the Court should strike the Zhu Aff. from the record and not consider it when deciding Defendants' motion to dismiss.

Dated: October 10, 2017                  Respectfully submitted,

/s/ Laurence Rosen
Laurence Rosen, Esq. (LR-5733)
**THE ROSEN LAW FIRM, P.A.**
609 W. South Orange Avenue, Suite 2P
South Orange, NJ  07079
Tel: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

Sara Fuks, Esq. (*pro hac vice*)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone:  (212) 686-1060
Facsimile: (212) 202-3827
Email: sfuks@rosenlegal.com

Lead Counsel for Plaintiffs and the Class

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 10th day of October 2017, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Laurence Rosen