# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**ROBIN JOACHIM DARTELL, et al.,** Individually and on Behalf of All Others Similarly Situated,

        Plaintiff,

      VS.

**TIBET PHARMACEUTICALS, INC., et al,**

        Defendant.

Civil Action No. 14-CV-3620-JMV-JBC

## MEMORANDUM OF LAW IN SUPPORT OF AMENDED MOTION FOR ISSUANCE OF A SUPPLEMENTAL REQUEST FOR JUDICIAL ASSISTANCE (LETTERS OF REQUEST) UNDER THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS

### Preliminary Statement

On January 12, 2017 the Court issued an order granting Plaintiffs' Motion for Issuance of a Request for Judicial Assistance Under the Hague Convention on the Taking of Evidence in Hong Kong ("Hague Request") (Dkt. 255). On January 31, 2017, the Court signed the Request for International Judicial Assistance (Letters Rogatory) Pursuant to the Hague Convention of 18 March 1970 On the Taking of Evidence Abroad in Civil or Commercial Matters ("Letters of Request") (Dkt. No. 257). Thereafter, Plaintiffs transmitted the Letters of Request to the appropriate judicial authorities for the Hong Kong Special Administrative Region

Government in Hong Kong. The Letters of Request seeks account statements and account documentation from the Hongkong and Shanghai Banking Corporation Ltd. ("HSBC HK"). Subsequent to the issuance of the Letters of Request, Plaintiffs' counsel corresponded with a representative from the Department of State who has informed Plaintiffs that the Hong Kong Department of Justice requires the issuance of a supplemental letters of request from the Court in order to consider Plaintiffs' request for additional supplemental information from HSBC HK. Accordingly, Plaintiffs respectfully submit this motion for the issuance of a Supplemental Letters of Request.

As this Court is aware, Plaintiffs allege in their Complaint that Defendants made false and misleading statements in Tibet's IPO Registration Statements by representing Tibet as a financially healthy company when in reality its assets had been seized. The Complaint alleges that the Tibet IPO resulted in the issuance of three million shares of stock, raising $16.5 million dollars from investors who relied on the IPO materials and who now hold shares of stock in a worthless company which has simply vanished. The Complaint alleges, and the evidence in the case has shown, that the net proceeds from the IPO, approximately $14.42 million, were deposited in an account located at HSBC HK, in a bank account numbered 112-277-108-838. The Letters of Request sought documents and other information concerning this bank account. (Dkt. 202-1).

Through discovery, Plaintiffs have learned that the IPO proceeds may also have been deposited into an additional account located at HSBC HK, in a bank account numbered 112-277-082-838 ("the Additional Account"). Both accounts share nearly identical numbers and both are China Tibetan Pharmaceuticals Limited ("China Tibetan")[1] accounts. Defendant Hayden Zou produced incomplete account statements for the Additional Account, however, he claims to have no knowledge concerning the account activity, such as who deposited and withdrew funds into and out of the account and why.

Similarly, none of the non-defaulting Defendants in this case have evidence concerning these accounts. Neither do any of the non-defaulting Defendants have any information concerning the whereabouts of the IPO proceeds. The evidence in the case confirms that the IPO proceeds were transferred into one of the HSBK HK accounts, and that the IPO proceeds may have also been transferred into the Additional Account which may be linked to the account in which the IPO proceeds were transferred. Since none of the remaining Defendants possess documents concerning the HSBC HK accounts or have access to the accounts, HSBC HK is the only remaining avenue for information regarding the disposition or locations of the IPO proceeds. Accordingly, Plaintiffs desire to obtain documentary evidence from HSBC HK concerning the HSBC HK bank accounts, and all transactions into

---

[1] China Tibetan is Tibet's wholly owned subsidiary.

and out of those accounts, which are in HSBC HK's possession, custody or control.

## Argument

Both the United States and the Peoples Republic of China are signatories to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Evidence Convention"), 23 U.S.T. 2555, and which was made applicable to Hong Kong. *See also Societe Nationale Industrielle Aerospatiale v. United States District Court*, 482 U.S. 522, 536 (noting "a judicial authority in one contracting state 'may' forward a letter of request to the competent authority in another contracting state for the purpose of obtaining evidence"); 28 U.S.C. § 1781 (permitting "the transmittal of a letter rogatory or request directly from a tribunal in the United States to the foreign or international tribunal, officer, or agency to whom it is addressed and its return in the same manner" and reproducing the Hague Evidence Convention). Therefore, transmittal of a Letters of Request by the District of New Jersey is proper under United States law. Moreover, since the Hague Evidence Convention was made applicable to Hong Kong, Hong Kong does recognize and will honor a Letters of Request issued under the protocols of the treaty.

While "[t]he party seeking to pursue discovery through the Hague Evidence Convention bears the burden of demonstrating that proceeding in that manner is

necessary and appropriate … [t]hat burden is not great, however, since the Convention procedures are available whenever they will facilitate the gathering of evidence by the means authorized in the Convention." *Metso Minerals, Inc. v. Powerscreen Int'l Dist. Ltd.*, 2007 WL 1875560, at *2 (E.D.N.Y. June 25, 2007) (citations omitted). In determining whether to apply Hague Convention procedures, a court may consider factors such as "considerations of comity, the relative interests of the parties including the interest in avoiding abusive discovery, and the ease and efficiency of alternative formats for discovery." *Id*. (citations omitted). *See also* Wright, Miller & Marcus, Federal Practice & Procedure (1994), § 2083 ("There are still cases in which it may be proper to refuse the issuance of a commission or letters rogatory, but there must be some good reason to deny a party the particular type of judicial assistance it seeks.").

Here, the issuance of the supplemental letters rogatory is necessary and appropriate. First, the request pertains to collecting documents relevant only to the accounts in which the ill-gotten gains from the IPO are located. After having nearly completed discovery, none of the Defendants having been able to provide information concerning the proceeds from the undoubtedly fraudulent IPO, locating the IPO proceeds and determining their whereabouts is key to the resolution of the Action, because it provides not only a potential source of recovery for a default judgment but a full picture of what occurred after the IPO closed.

Second, the documents requested in Exhibit A of the request is narrowly tailored and seek only particular documents concerning the specific accounts, which are undoubtedly in HSBC HK's possession, custody or control. Third, there is no good cause to deny Plaintiffs' request for this judicial assistance. Indeed, the Court granted Plaintiffs' initial request for judicial assistance. Now, Plaintiffs simply require the issuance of a supplemental letters of request in order to obtain evidence related to their initial letters of request. Finally, there is no alternative means of procuring this evidence, as it is not in the possession, custody or control of any of the non-defaulting Defendants.

## Conclusion

For the foregoing reasons, Plaintiffs respectfully request that their motion be granted and issue the enclosed letters rogatory in duplicate, attached as Exhibit 1, in order to facilitate the taking of evidence from a key non-party to this action that is located in Hong Kong.

Dated: December 6, 2017      **THE ROSEN LAW FIRM, P.A.**

By: */s Laurence M. Rosen*
Laurence M. Rosen, Esq.
609 W. South Orange Avenue, Suite 2P
South Orange, New Jersey 07079
Tel: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

Sara Fuks, Esq. (*pro hac vice*)

275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone:  (212) 686-1060
Facsimile: (212) 202-3827
Email: sfuks@rosenlegal.com

*Lead Class Counsel*

## CERTIFICATE OF SERVICE

I, Sara Fuks, hereby declare under penalty of perjury as follows:

I am attorney with the Rosen Law Firm, P.A., with offices at 609 W. South Orange Avenue, Suite 2P, South Orange, NJ 07079.  I am over the age of eighteen.

On December 6, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on December 6, 2017.

                                                                                    */s/ Sara Fuks*