UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBIN JOACHIM DARTELL, et al., individually and on behalf all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>TIBET PHARMACEUTICALS, INC., et al.,<br><br>*Defendants*. | Civil Action No. 14-3620<br><br>**ORDER** |

**John Michael Vazquez, U.S.D.J.**

In the accompanying Opinion, the Court substantively denied the motion for reconsideration filed by Defendant L. McCarthy Downs III and Defendant Hayden Zou (collectively "Defendants"), but the Court granted Defendants' motion for certification for interlocutory appeal. By way of background, the Court issued an Opinion on May 10, 2017, D.E. 268, in which it (among other things) denied Defendants' request for summary judgment as to their liability under Section 11 of the Securities Act of 1933, 15 U.S.C. § 77k(a). In doing so, the Court noted the following[1]: (1) Section 11 is narrowly construed, (2) Defendant Downs was not an underwriter for Section 11 purposes, (3) there exists a dearth of authority interpreting the relevant Section 11 language, that is, a "person performing similar functions" to a director, (4) the two decisions cited by the parties were neither binding nor persuasive authority; (4) given that the

---

[1] This Order merely paraphrases the May 10, 2017 Opinion. To the extent this Order conflicts with the May 10, 2017 Opinion, the Opinion controls.

relevant language was undefined in the statute, the Court applied the ordinary meanings of the pertinent statutory language; and (5) there existed a genuine issue of material fact precluding summary judgment as to whether each Defendants was a "person performing similar functions" to a director for Section 11 purposes because each was named in the underlying prospectus as a "Board Observer," who could not vote, who "may nevertheless significantly influence the outcome of matters submitted to the Board of Directors for approval[.]"  Nevertheless, as noted in the accompanying Opinion, the Court determines that Defendants' potential liability under Section 11 involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal would potentially materially advance the ultimate termination of this litigation.  Therefore, for the reasons expressed in the accompanying Opinion; and for good cause shown,

**IT IS** on this 21st day of February, 2018,

**ORDERED** that that Defendants' motion for reconsideration (D.E. 271) is **GRANTED** to correct the calculation error in the March 10, 2012 Opinion, D.E. 268, but is otherwise **DENIED**; and it is further

**ORDERED** that that Defendants' motion for certification for interlocutory appeal (D.E. 271) pursuant to 28 U.S.C. § 1292 is **GRANTED**; and it is further

**ORDERED** that the following question is certified for interlocutory appeal:  Can Defendants be potentially liable under Section 11 of the Securities Act of 1933, each as a "person performing similar functions" to a director, in light of Defendants' role as board observers who could (but did not necessarily have to) significantly influence the outcome of matters submitted to the board of directors for approval?

John Michael Vazquez, U.S.D.J.

2