UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBIN JOACHIM DARTELL, *et al.*,
individually and on behalf all others
similarly situated,

    *Plaintiffs*,

v.

TIBET PHARMACEUTICALS, INC., *et al.*,

    *Defendants*.

Civil Action No. 14-3620

**ORDER**

**John Michael Vazquez, U.S.D.J.**

    **THIS MATTER** comes before the Court by way of Plaintiffs Edmund Obasi, Robin Dartell, Lixin Wu, and Sean Carithers' (collectively "Plaintiffs") unopposed Motion for Default Judgment as to Defendant Tibet Pharmaceuticals, Inc., D.E. 308; and it

    **APPEARING** that even when a party is actually in default "the other side is not entitled to the entry of default judgment as of right, and the entry of such a judgment is left primarily to the discretion of the district court." *Sanchez v. Franzzano*, No. 15-2316, 2016 WL 2892551, at *1 (D.N.J. May 12, 2016) (quoting *Ramada Worldwide Inc. v. Abel Lodging, LLC*, No. 14-2683, 2014 WL 5361914, at *1 (D.N.J. Oct. 21, 2014)); and it further

    **APPEARING** that "[i]f a default is entered against some defendants in a multi-party case, the preferred practice is for the court to withhold granting default judgment until the action is resolved on its merits against the non-defaulting defendants." *Animal Science Prods., Inc.*, 596 F. Supp. 2d at 849; *see also* 10A Charles A. Wright et al, Fed. Prac. & Proc. § 2690 (3d ed. 2015) (when several defendants have closely related defenses "entry of judgment also should await an

adjudication of the liability of non[-]defaulting defendants"). This is because courts do not want to "create the risk of potentially inconsistent judgments." *Eteam, Inc. v. Hilton Worldwide Holdings, Inc.*, No. 15-5057 (WHW)(CLW), 2016 WL 54676, at *3 (D.N.J. Jan. 5, 2016) (denying motion for default judgment where allegations against defaulting and non-defaulting defendants were identical); and it further

**APPEARING** that, besides Tibet Pharmaceuticals, Inc., there are other remaining defendants who are actively litigating this case. *See, e.g.* D.E. 286 (Defendants Hayden Zou and L. McCarthy Downs III's pending motion to dismiss). However, Plaintiffs have only requested default judgment as to Tibet Pharmaceuticals, Inc. Consequently, entering a default judgment at this time would not be prudent due to the risk of potentially inconsistent judgments. Plaintiffs may re-file their motion for default judgment after this matter is resolved as to all other remaining defendants; therefore

For the foregoing reasons and for good cause shown

**IT IS** on this 1st day of June, 2018, hereby

**ORDERED** that Plaintiffs' motion for default judgment as to Tibet Pharmaceuticals, Inc., D.E. 308, is **DENIED** without prejudice.

John Michael Vazquez, U.S.D.J.